R&A
ROSS & ASMAR LLC
ATTORNEYS AT LAW

499 7th Avenue, 23rd FL. S. Tower
New York, New York 10018

tel_212.736.4202
fax_212.736.2873
www.rossasmar.com

September 27, 2016

VIA ECF

Honorable Debra Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Rosario v. Mis Hijos Deli Corp, et. al.,
      15 CV 6049 (LTS)(DF)

Dear Magistrate Judge Freeman:

This firm represents the Plaintiff in the above-referenced action brought against Defendants for wage violations under the FLSA and NYLL. I write this letter to advise the Court of Defendants' alarming behavior and request appropriate sanctions.

On September 22, 2016 counsel took the deposition testimony of defendant Jose Palma. This deposition took place late in the discovery process due to Mr. Palma's stated inability to travel to New York at an earlier time.

On August 5, 2016 Plaintiff served on Defendants Plaintiff's Second Request for Production of Documents. Although Defendants' response to this demands was due within 30 days, a response to this demand was not received prior to Jose Palma's deposition.

On September 26, 2016 I received a mailing containing the Defendants' Objections and Responses to Plaintiff's Second Request for Production of Documents and responsive documents ("Defendants' Responses"). Defendants' Responses were dated September 21, 2016, the **day before**, Jose Palma's deposition. Defendants' Responses were post marked September 22, 2016—the **very same day** as Jose Palma's deposition—but contained a Certification regarding service that stated the responses were sent on September 21, 2016. *Certification annexed as Exhibit "A"*. Although the Certification states that Defendants' Responses were sent by e-mail and regular mail on September 21, 2016, we have no record of receiving any such e-mail.

Presumably, Defendants' Responses were not served by ECF so that Defendants and their counsel could be certain Plaintiff and I would have no notice of the documents prior to the deposition.

Despite being in possession of Defendants' Responses prior to Jose Palma's deposition, Defendants' counsel failed to provide those responses to me in advance of, or at the deposition on September 22, 2016.  Counsel's choice to delay turning over Defendant's Responses until after Jose Palma's deposition was wholly inappropriate and prejudicial to Plaintiff.

During his deposition, Jose Palma gave testimony that was **directly inconsistent** with the documents provided in Defendants' Responses.  Jose Palma's deposition testimony was directly inconsistent regarding Jose Palma's prior employment as well as his role with defendant Mis Hijos Deli Corp.  Specifically, Jose Palma testified that he was never employed by defendant Palma Grocery Corp—but the Defendants' Responses specifically state that Jose Palma was employed by Palma Grocery Corp. from the year 2001 to May 2013.  Specifically, Jose Palma testified that he had no role in defendant Mis Hijos Deli Corp.—but the Defendants' Responses clearly state that he will be "overseeing daily operations of the business."  I was unable to question Jose Palma regarding these issues because I was not in possession of Defendants' Responses because Defendants and their counsel did not provide those documents in advance of the deposition.

Defendants' Responses also, for the first time, identify brand new individuals.  Defendants' Responses contain documents that list an owner of Palma Grocery Corp., Maria Palma, who has never been named, discussed or identified by Defendants.  Plaintiff was improperly and intentionally precluded from inquiring about this individual of Defendants as these documents were withheld until depositions were already conducted.

Defendants' and defendants' counsel's conduct was **willful and contumacious**.  This gamesmanship far exceeds the bounds of acceptable litigation practice.  Defendants' counsel was in possession of Defendants' Responses at the very latest by September 21, 2016 and was fully aware that Jose Palma was to give his deposition testimony on September 22, 2016.  Defendants' counsel had the audacity to appear at my office and listen to their client give testimony expressly contradicted by the undisclosed documents, and said nothing.

At no point leading up to or during Jose Palma's deposition did defendants' counsel advise they were in possession of additional documents for production.  Even days before the deposition when I provided defendants' counsel with a CD containing copies of the documents produced to us in response to Plaintiff's subpoena to Defendants' accountant—documents that should have been provided by Defendants themselves long before a subpoena became necessary—counsel said not a word about the existence of additional documents.  Counsel did not even provide Defendants' Responses at the time of Jose Palma's deposition even though they had been served by regular mail the day before.  Instead, outrageously, counsel chose to sit silent.

In light of Defendants' abuses of the discovery process—of which these are only the latest—I write to request sanctions against Defendants and their counsel. I request that Defendants' Answer be stricken and they be precluded from offering any testimony or evidence in their defense in this action. Alternatively, I request that all Defendants, and particularly Jose Palma, be ordered to appear for further deposition at Defendants' sole cost, including Plaintiff's reasonable attorney's fees, payable immediately.

I request a conference with the Court regarding these matters.

Respectfully,

STEVEN B. ROSS