**THE LAW OFFICES OF MARTIN E. RESTITUYO, P.C.**
1345 Avenue of the Americas, 2nd Floor, New York, New York 10105

Martin E. Restituyo

Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

September 29, 2016

**VIA ECF**

Hon. Debra C. Freeman
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 17A
New York, NY 10007-1312

Re:   *Rosario v. Mis Hijos Deli Corp., et. al.*
      CA No. 15-cv-6049 (LTS) (DCF)

Dear Magistrate Judge Freeman:

We represent Defendants Mis Hijos Deli Corp., Palma Grocery Corp., 251 E. 123rd St. Realty LLC, Jose Palma, Leonida Collado, and Junior Palma (collectively "Defendants") in the above referenced matter. Please accept this as a response to Plaintiff's letter to the Court filed on September 28, 2016, requesting sanctions against Defendants and their counsel for "abuses of the discovery process."

Unfortunately, in addition to being procedurally inappropriate, Plaintiff's letter makes incorrect factual assertions and is substantively vacuous. Therefore, we ask that your Honor deny Plaintiff's request for sanctions and, in the alternative, require a conference date so that we may clarify any misunderstandings related herewith.

The Motion is Procedurally Inappropriate

According to your Honor's Individual Practice Rule I(C) "[a]ny letter application seeking the Court's resolution of a discovery dispute must be accompanied by a statement that the moving party has conferred (or made substantial efforts to confer) in good faith with its adversary, in an informal attempt to resolve, or at least narrow, the dispute." Your Honor's Individual Practice Rule II(A) further instructs that if desiring to make a discovery motion, such as the one that Plaintiffs have made here, they should "follow Local Civil Rule 37.2." Local Civil Rule 37.2 states quite bluntly that:

> **No motion under Rules 26 through 37** inclusive of the Federal Rules of Civil Procedure **shall be heard unless counsel for the**

1

**THE LAW OFFICES OF MARTIN E. RESTITUYO, P.C.**
1345 Avenue of the Americas, 2nd Floor, New York, New York 10105

> **moving party has first requested an informal conference with the Court by letter-motion** for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices) **and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference.** (Emphasis added)

Here, in direct contravention to your Honor's Individual Practice Rules, Plaintiff has failed to include a statement indicating that they have conferred in good faith with Defendants. No such statement will be forthcoming, however, since Plaintiff did not consult at all with the Defendants prior to making this motion. Worse yet, Plaintiff is also incorrect about the facts that purportedly serve as the excuse for making this motion.

Plaintiff is wrong about the facts

Putting aside Plaintiff's excuse for failing to take the deposition of Jose Palma Sr. until September 22, 2016,[1] the crux of Plaintiff's argument is based on the alleged bad faith of Defendants who purportedly failed to provide discovery documents until September 26, 2016, and then supposedly lied about sending them via email on September 21, 2016.

Attached hereto as Exhibit 1 is the email of Argilio Rodriguez sent to Plaintiff's counsel Steven Ross and Eric Dawson showing that, in addition to sending it via regular mail, as counsel so readily acknowledges, Defendants also sent the documents via email on September 21, 2016.[2] Thus negating Plaintiff's presumed bad intent and rejecting any claim that there was "willful and contumacious" conduct involved.

Moreover, even without knowing that Plaintiff's counsel had not received Defendants' discovery production, during the deposition of Jose Palma Sr., Defendants' counsel provided additional copies and even the original of Jose Palma Sr.'s passport (which we thought had previously been produced) so that Plaintiff's counsel could review, get better copies, and ask

---

[1] To be clear, even though Defendants have always said that Mr. Palma Sr. was available to be deposed **at any time** in the Dominican Republic, where he resides (and where his passport shows that he rarely leaves), Plaintiff refused to take such a deposition unless Mr. Palma Sr. was physically present in the United States. Therefore, notwithstanding this Court's acknowledgement that such depositions are common practice in this district, especially as facilitated by today's technology, Mr. Palma Sr. made arrangements to come to the U.S. to be deposed.
[2] In fairness to Plaintiff's Counsel, it was not until we started drafting a response to the instant motion that Defendants' counsel realized that the September 21, 2016 email had bounced back.

2

**THE LAW OFFICES OF MARTIN E. RESTITUYO, P.C.**
1345 Avenue of the Americas, 2nd Floor, New York, New York 10105

whatever questions he wanted defendant with respect thereto.

Plaintiff's arguments are otherwise substantively vacuous

    Plaintiff's next plea for an expansion of the discovery period is based on the allegations that "Jose Palma gave testimony that was **directly inconsistent** with the documents provided in Defendant's responses." (emphasis in original). Specifically, Plaintiff claims that the documents revealed three key pieces of information that presumably would have changed the entire outcome of the deposition:

1. The existence of a Maria Palma, "who has never been named, discussed or identified by Defendants;"
2. A document (presumably Mis Hijos Deli Corp.'s State Liquor Authority ("SLA") application) that states that "Jose Palma was employed by Palma Grocery Corp. from the year 2001 – May 2013;" and
3. A document (presumably the SLA application for Mis Hijos Deli Corp.) that states that Jose Palma "will be 'overseeing daily operations of the business.'"

    Conveniently, what Plaintiff fails to disclose to the Court is that the documents mentioning a "Maria Palma" are dated 1983 and 1985, and thus are completely irrelevant in this case even under the broadest possible statute of limitations that might be applicable.

    Plaintiff's counsel also fails to disclose that during the deposition he repeatedly questioned Jose Palma Sr. regarding his employment history and showed him tax documents that were consistent with the claims made in the SLA application; all of which Jose Palma Sr. repeatedly decried as false. Thus his testimony was **"directly inconsistent"** with the tax documents as well.

    Similarly, it is interesting to note that while Mis Hijos Deli Corp.'s SLA application states that Jose Palma Sr. will devote "50 hours per week" to the business and that he will be "overseeing the daily operations of the business," Plaintiffs' counsel had documentary evidence in his possession (Mr. Palma Sr.'s passport) that refuted both claims. Nevertheless, Plaintiff's counsel asked Jose Palma Sr. countless questions with regard to his involvement in Mis Hijos Deli Corp. all of which were met by the same response – there was none. This was even the response after Plaintiff's counsel confronted Jose Palma Sr. with tax documents that purportedly showed the contrary.

    Indeed, Jose Palma Sr.'s statements are consistent with Plaintiff's deposition testimony suggesting that he, Plaintiff, had only seen Mr. Palma Sr. two times in the past four years. In sum, contrary to what Plaintiff's counsel would have this Court believe, the documents don't present any new factual information in this case, nor do they lead to any avenue that Plaintiff's

**THE LAW OFFICES OF MARTIN E. RESTITUYO, P.C.**
1345 Avenue of the Americas, 2nd Floor, New York, New York 10105

counsel hasn't already thoroughly explored.

Given all of the above, it is obvious that Plaintiff's attempt to extend the discovery deadline is at best cumulative, if not solely meant to harass.

Thus, for the reasons outlined herein, we ask that your Honor deny Plaintiff's request for sanctions and, in the alternative, require a conference so that we may further clarify any misunderstandings related to the above.

We thank your Honor for your anticipated attention to this matter.

Very truly yours,

Martin E. Restituyo, Esq.

**EXHIBIT 1**



Martin Restituyo <restituyo@restituyolaw.com>

---

## Rosario v Palma Mis Hijos, et. al.

---

**Argilio Rodriguez** <argilio@lawrodriguez.com>  Wed, Sep 21, 2016 at 5:23 PM
To: Steven Ross <steven@rossasmar.com>
Cc: "Martin Restituyo (restituyo@restituyolaw.com)" <restituyo@restituyolaw.com>, Eric Dawson <edawson@rossasmar.com>

Counsel,

Attached please find Defendants' Responses to Plaintiff's Second Request for Production of documents and document production.

[Quoted text hidden]

---

**2 attachments**

- **[Mis Hijos] DF 1000 - 1068.pdf**
  18330K

- **[Mis Hijos] Defendants' Responses to Plaintiff's Second Request for Production.pdf**
  332K

