**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MANUEL DE JESUS ROSARIO, | |
| Plaintiff, | **No. 15-CV-6049 (LTS)(DCF)** |
| -against- | |
| MIS HIJOS DELI CORP., PALMA GROCERY CORP., 251 E. 123RD ST. REALTY, LLC, JOSE PALMA, LEONIDA COLLADO, and JUNIOR PALMA, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

Defendant 251 E. 123rd St. Realty, LLC ("Defendant" or "Realty") respectfully submits this Memorandum of Law in Support of its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

### PRELIMINARY STATEMENT

The instant motion raises two issues: 1) whether Plaintiff Manuel de Jesus Rosario ("Plaintiff") has failed to establish the existence of an employer/employee relationship with Realty, such that all of his claims against Defendant for any labor law violations must fail, and 2) whether Plaintiff's first and third causes of action for violation of the Fair Labor Standards Act (FLSA) fail, as a matter of law, because Defendant is not an "enterprise engaged in commerce" as required by the FLSA.

Since the undisputed facts clearly establish that there was no employer/employee relationship between Plaintiff and Defendant all of Mr. Rosario's claims against Realty must fail as a matter of law. Thus the case against Realty must be dismissed.

Alternatively, given the overwhelming evidence that establishes that Realty is not an "enterprise engaged in commerce", at a minimum, Defendant's motion must be granted with

respect to Plaintiff's FLSA claims.  Thereafter, having dismissed Plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and remand to state court for further proceedings.

## RELEVANT UNDISPUTED FACTS

The facts set forth in Defendant's Rule 56.1 Statement are fully incorporated by reference herein.

## ARGUMENT

### I.   SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings demonstrate that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (citations omitted).

The moving party initially bears the burden of demonstrating that no genuine issues of material fact remain. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this showing is made, the nonmoving party may not rely solely on "[c]onclusory allegations, conjecture, and speculation," *Niagara Mohawk Power Corp. v. Jones Chem. Inc*., 315 F.3d 171, 175 (2d Cir.2003) (internal citations and quotation marks omitted), but must present specific evidence in support of its contention that there is a genuine dispute as to the material facts. Fed. R. Civ. P.56(e). The Court should resolve all ambiguities in favor of the nonmovant "only if there is a

'genuine' dispute as to those facts." *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007) (citing Fed. R. Civ. P. 56(c)).

"In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found*, 51 F.3d 14, 18 (2d Cir.1995); *accord PepsiCo, Inc. v. Coca–Cola Co*., 315 F.3d 101, 105 (2d Cir.2002). By contrast, to defeat a motion for summary judgment, the nonmoving party must advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir.1996) (citation omitted).

## II.     PLAINTIFF'S FLSA CLAIMS AGAINST REALTY MUST BE DISMISSED WHERE PLAINTIFF FAILS TO ESTABLISH AN EMPLOYER/EMPLOYEE RELATIONSHIP

Both the FLSA and the New York Labor Law establish that only employees have standing to bring an action against an employer.  Specifically, section 29 U.S.C. § 216 states:

> **Any employer** who violates the provisions of section 206 or section 207 of this title **shall be liable to the employee or employees affected** in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215 (a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215 (a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. **An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer** (including a public agency) in any Federal or State court of competent jurisdiction

**by any one or more employees for and in behalf of himself or themselves and other employees similarly situated**. (emplasis added)

The New York Labor Law imposes a similar restriction:

If **any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article**, **he or she may recover in a civil action the amount of any such underpayments**, together with costs and such reasonable attorney's fees as may be allowed by the court, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to twenty-five percent of the total of such underpayments found to be due the employee and any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action. * NB Effective November 24, 2009 (emphasis added)

NYLL § 653:

While Courts have often debated as to the breadth of the definition of "employee" within the context of the FLSA, under no scenario has a person with no affiliation to the defendant been granted standing to sue under the Act. *See Barfield v. New York City Health and Hospitals Corp*., 537 F. 3d 132 (2d Cir. 2008) (A certified nursing assistant who worked for three agencies controlled by New York City Health and Hospitals Corp. was found to be an employee of that defendant.); *Carter v. Dutchess Cmty. Coll*., 735 F.2d 8 (2d Cir. 1984) (Plaintiff an inmate under the control of the New York State Department of Correctional Services was determined to be an employee of Dutchess Community College for whom he was performing services); *Zheng v. Liberty Apparel Co*., 355 F.3d 61 (2d Cir. 2003) (Garment workers hired by contractors who performed work for garment manufacturers were determined to be employees of the garment manufacturers for purposes of the FLSA).

As a practical matter courts look beyond the common law definition of an employee and instead look at the "economic reality" of the situation in order to determine whether an employer-employee relationship exists. *Goldberg v. Whitaker House Coop., Inc*., 366 U.S. 28,

33 (1961). To determine the "economic reality" of a putative employment relationship Courts in this Circuit have required the plaintiff to show that "the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Barfield*, 537 F.3d at 142 (quoting *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984)).

Here Plaintiff's own testimony leaves no room for doubt: there has never been an employer/employee relationship between him and Realty. To be sure the building has one owner, Jose Palma Sr. ("Jose Palma") (See Exhibit 3, Articles of Organization for 251 E. 123rd St. Realty, LLC), and when asked directly whether Jose Palma had ever hired him to work at Defendant Realty (aka "the building"), Plaintiff unequivocally stated "no." (Exhibit 7). Rosario Dep. 69:23-70:1). Moreover, when asked whether anyone other than Jose Palma had hired him to work at the building, he also responded "No." (Rosario Dep. 69:4-7),

Beyond that, when asked directly whether he worked for the building, Plaintiff stated "No. I didn't work for the building." (Rosario Dep. 61:11-12.) Plaintiff further acknowledges that working at the building was not part of his job (Rosario Dep. 63:7-8, 66:20-22, 68:16-69:3), that he never got compensated for it (Rosario Dep. 63:9-11), and that he was never told that he would be compensated for it (Rosario Dep. 69:8-10).

Indeed, his only claimed connection to Realty was that allegedly certain managers at the grocery store, not one of which was Jose Palma, would send him to clean the building, (Rosario Dep. 61:11-17, 63:2-4, 64:12-21). Notwithstanding, however, he admits that there was no set schedule for working at the building (Rosario Dep. 63:17-18, 64:22 – 65:4), and instead he merely suggests that from 1995 – 2003 "sometimes" Reuben would send him to clean the

building "three or four times a week" (Rosario Dep. 62:23 – 63:14), and that after 2003 "Leonida Collado and Junior Palma" would send him the "same. two, three, four times a week." (Rosario Dep. 64:6 – 21) Even after making this bold assertion, however, Plaintiff failed to directly answer the question of whether anyone supervised his work at the building; instead, choosing to, on multiple occasions, sidestep the question by noting that Reuben "saw it, but he had nothing to say, because it was well done" (Rosario Dep. 66:5 – 22), or stating that Jose Palma didn't need to supervise because "There's nothing to supervise. Everything I do is well done." (Rosario Dep. 69:23 – 70:5)

In sum, here none of Plaintiff's statements lead to the conclusion that Jose Palma or anyone at Realty (1) hired him to work at Realty, (2) supervised and controlled his work at Realty, (3) paid him anything for "working" at Realty, or (4) maintained any employment records with respect to anything that he allegedly did for Realty. Thus, for the reasons alleged herein Plaintiff cannot establish an employer/employee relationship with Realty and as such all of his claims against Realty must be dismissed.

## III.   PLAINTIFF'S FLSA CLAIMS MUST BE DISMISSED WHERE THE EVIDENCE SHOWS THAT REALTY IS NOT AN ENTERPRISE ENGAGED IN COMMERCE

In order to establish a violation for failure to pay minimum wage or overtime pay under the FLSA, Plaintiff must establish, among other things, that Defendant is an "enterprise engaged in commerce." 29 U.S.C. §§ 206 & 207.

In order to establish that Defendant is an "enterprise engaged in commerce" Plaintiff must prove that Defendant: (i) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or

materials that have been moved in or produced for commerce"; **and** (ii) has "annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

Even if, arguendo, Plaintiff could establish that Realty has employees "engaged in... handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce", which is far from plausible, he cannot, as a matter of law, establish that he is covered by the FLSA where it is undisputed that Realty's annual gross sales or business falls below the $500,000 threshold established by the statue. *Id*. Indeed, the tax returns presented by Defendant show that, for the years 2012 through 2015, Realty's gross earnings were merely $128,905 in 2012, $175,424 in 2013, $193,543 in 2014, and $223,271 in 2015. Thus, there is no material issue of fact regarding the FLSA's inapplicability to this action with respect to Realty. *See Amparo v. Ink Point Tattoo*, No. 13 Civ. 7232, 2015 WL 224360, at *3 (S.D.N.Y. Jan. 15, 2015) (granting summary judgment to defendants where defendant's tax returns indicated that annual gross sales never exceeded $500,000 or more, and the FLSA was therefore inapplicable to the action); *Jian Long Li v. Li Qin Zhao*, 35 F. Supp. D 300 (E.D.N.Y. 2014); (granting defendants' motion for summary judgment where the record as a whole, including tax returns and bank account statements, indicated that the restaurant did not meet the $500,000 threshold in terms of gross sales); *Yang Li v. Ya Yi Cheng*, No. 10 Civ. 4664, 2012 WL 1004854, at *4 (E.D.N.Y. Jan. 6, 2012) (granting summary judgment to defendants where there was "no evidence that defendant ... had gross revenues in excess of $500,000"), report and recommendation adopted, No. 10 Civ. 4664, 2012 WL 1004852 (E.D.N.Y. Mar. 23, 2012); *Xelo v. Mavros*, No. 03 Civ. 3665, 2005 WL 2385724, at *4 (E.D.N.Y. Sept. 28, 2005) (granting summary judgment where "defendants have met their burden of demonstrating that there is no

question of material fact with regard to [whether the defendants'] annual income" was under $500,000).

Accordingly, summary judgment in favor of Realty must be granted on Plaintiff's FLSA claims.

## IV.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS

"In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT & T Corp.*, 138 F.3d 46, 57 (2d Cir.1998). A district court "may decline to exercise supplemental jurisdiction over a claim ... [where it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367(c)(3). "Courts in the Second Circuit routinely dismiss complaints where the FLSA provided the jurisdictional hook and the rest of plaintiffs' claims arise under state law." *Yang Li*, 2012 WL 1004854, at *5 (collecting cases). Accordingly, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

### CONCLUSION

For the foregoing reasons, the Court should grant summary judgment dismissing Plaintiff's FLSA and NYLL claims against Defendant 251 E. 123rd St. Realty, LLC in their entirety and grant any and all further relief as may be just and proper.

Dated:  New York, New York
        October 8, 2016

                              */s/ Argilio Rodriguez, Esq.*
                              By: Argilio Rodriguez, Esq.
                              Rodriguez Law, P.C.
                              Empire State Building
                              350 Fifth Avenue, Suite 5909
                              New York, NY 10118
                              (212) 960-3305
                              argilio@lawrodriguez.com

Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

*Attorneys for Defendants*