IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANUEL DE JESUS ROSARIO,<br><br>                                      Plaintiff,<br><br>-against-<br><br>MIS HIJOS DELI CORP., PALMA GROCERY CORP., 251 E. 123RD ST. REALTY, LLC, JOSE PALMA, LEONIDA COLLADO, and JUNIOR PALMA,<br><br>                                    Defendants. | No. 15-CV-6049 (LTS)(DCF) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

    Defendant Jose Palma Sr. ("Jose Palma") respectfully submits this Memorandum of Law in Support of his Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

**PRELIMINARY STATEMENT**

    Under the assumption that Defendant Jose Palma is the one with the deep pockets, Plaintiff has gone out of his way to try to implicate him in this case. Notwithstanding Plaintiff's desire to peg Jose Palma as "the boss," the overwhelming majority of evidence clearly establishes that Jose Palma was not Plaintiff's employer.

    There is no evidence that Defendant Jose Palma (1) has the power to hire and fire employees, (2) supervise and control employees' work schedules or employment conditions, (3) determine the rate of pay and method of employee compensation, or (4) maintain employment records. Indeed, even where this could be true, as in the case of 251 E. 123rd St. Realty, LLC ("Realty" or "the building"), certainly, Jose Palma did not exercise that control over Plaintiff.

    Thus, for the reasons laid out below, Plaintiff's claims against Jose Palma fail as a matter of law and therefore must be dismissed.

## RELEVANT MATERIAL FACTS

The facts set forth in Defendant's Rule 56.1 Statement are fully incorporated by reference herein.

## ARGUMENT

### I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings demonstrate that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (citations omitted).

The moving party initially bears the burden of demonstrating that no genuine issues of material fact remain. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this showing is made, the nonmoving party may not rely solely on "[c]onclusory allegations, conjecture, and speculation," *Niagara Mohawk Power Corp. v. Jones Chem. Inc*., 315 F.3d 171, 175 (2d Cir.2003) (internal citations and quotation marks omitted), but must present specific evidence in support of its contention that there is a genuine dispute as to the material facts. Fed. R. Civ. P.56(e). The Court should resolve all ambiguities in favor of the nonmovant "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007) (citing Fed. R. Civ. P. 56(c)).

"In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found*, 51 F.3d 14, 18 (2d Cir.1995); *accord PepsiCo, Inc. v. Coca–Cola Co.*, 315 F.3d 101, 105 (2d Cir.2002). By contrast, to defeat a motion for summary judgment, the nonmoving party must advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir.1996) (citation omitted).

## II. PLAINTIFF CANNOT ESTABLISH THAT JOSE PALMA WAS PLAINTIFF'S EMPLOYER AND THEREFORE ALL OF PLAINTIFF'S CLAIMS AGAINST HIM UNDER THE FLSA AND NYLL MUST BE DISMISSED

Only an "employer" may be held liable under the FLSA. The statute defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Second Circuit has adopted an "economic reality" test to determine whether an individual meets this definition. *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir.2013). Under this test, courts consider "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id*. at 104–05 (internal quotation marks and citation omitted). "No one of the four factors standing alone is dispositive," however, and the "totality of the circumstances" must be considered. *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir.1999).

"[T]he overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Id*. (citation omitted). This standard requires "some degree of individual involvement in a company in a manner that affects employment-related factors such as workplace conditions and operations, personnel, or compensation," and is more demanding than the test for corporate liability. *Id*. at 109. Thus, "[e]vidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status." *Irizarry*, 722 F.3d at 109. "Instead, to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Id*.

The New York Court of Appeals has not answered the question of whether the employer test under the NYLL is the same as under the FLSA. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 117 (2d Cir.2013). District courts, however, "have interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA." *Sethi v. Narod*, 974 F.Supp.2d 162, 188 (E.D.N.Y.2013) (quoting *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 335 n. 13 (S.D.N.Y.2010)). Given that any differences between the definitions of "employer" under the FLSA and the NYLL are "immaterial to the facts," whether an individual qualifies as an "employer" under both statutes is analyzed using the FLSA standard. *See Sexton v. American Golf Corp.*, 13-cv-873 RJD SMG at *5 (E.D.N.Y. October 8, 2015); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 134 (S.D.N.Y.2014); *Kalloo v. Unlimited Mech. Co. of NY*, 977 F.Supp.2d 187, 201 (E.D.N.Y.2013).

### A. PLAINTIFF FAILS TO ESTABLISH THAT JOSE PALMA WAS HIS EMPLOYER AS AT 251 E. 123RD ST. REALTY, LLC

Notwithstanding Plaintiff's attempt at trying to implicate defendants Jose Palma and Realty in this action, the uncontroverted evidence establishes that Plaintiff was never an employee of Realty, and as such he could never have been Jose Palma's employee there.

Indeed, while it is true that Jose Palma is the sole owner of Realty (**Exhibit 1**, Articles of Organization of Realty); and even if you accept all of Plaintiff's allegations in the complaint as true, including that he "was assigned various duties including but not limited to…garbage disposal for the building." [Dkt # 5, Compl. at ¶27], Plaintiff's own testimony clearly establishes that he was never employed by Jose Palma to work at Realty.

Indeed, when asked directly whether Jose Palma had ever hired him to work at the building, Plaintiff unequivocally stated "no." (**Exhibit 2**, Rosario Dep. 69:23-70:1). He further noted that nobody hired him to work at the building (Rosario Dep. 69:4-7), and that working at the building was not part of his job. (Rosario Dep. 63:7-8, 66:20-22, 68:16-69:3).

To be sure, when asked, on multiple occasions, who sent him to work in the building Plaintiff named Reuben, Leonida Collado and Junior Palma, but not once mentioned Jose Palma. (Rosario Dep. 61:11-17, 63:2-4, 64:12-21). Moreover, when asked whether Jose Palma ever supervised his work, Plaintiff noted that "There's nothing to supervise. Everything I do is well done." (Rosario Dep. 69:23 – 70:5) Indeed, according to Plaintiff, the only reason why Jose Palma even "knew that [Plaintiff] cleaned the building" was because "he saw me doing the work." (Rosario Dep. 70:7-10).

Even it could be shown that Jose Palma was aware that Plaintiff cleaned the building, Plaintiff acknowledges that working at the building was not part of his job (Rosario Dep. 63:7-8,

5

66:20-22, 68:16-69:3), that he never got compensated for it (Rosario Dep. 63:9-11), and that he was never told that he would be compensated for it (Rosario Dep. 69:8-10).

In sum, Plaintiff's allegations are insufficient, as a matter of law, to establish that Jose Palma was his employer at Realty. To be sure, all of the Plaintiff's statements undermine the elements required for him to prove that Jose Palma was his employer under the economic realities test. For starters, Plaintiff states that Jose Palma did not hire him to work at Realty. Secondly, his testimony clearly establishes that to the extent anyone asked him to do any work at the building it was never Jose Palma, and that Jose Palma did not supervise his work because "There's nothing to supervise."

Third, Jose Palma could not and did not determine rate of pay or method of compensation, where Plaintiff acknowledges that working at the building was not part of his job, and no compensation was ever offered or given.  Finally, there is no allegation by Plaintiff or anyone else that Jose Palma maintained any employee records for Plaintiff.[1]

Thus, for the reasons alleged herein Plaintiff cannot establish an employer/employee relationship between himself and Jose Palma, as relates to work purportedly performed at Realty. As such all of Plaintiff's claims against Jose Palma for alleged violations of labor laws stemming from this supposed relationship must be dismissed.

### B. PLAINTIFF FAILS TO ESTABLISH THAT JOSE PALMA WAS HIS EMPLOYER AT THE GROCERY STORE

#### 1. Defendant Jose Palma Was Not Plaintiff's Employer at Mis Hijos Deli Corp.

Mis Hijos Deli Corp. is a domestic corporation that was created on May 21, 2013, in order to operate a grocery store at 2401 2nd Avenue, New York, New York 10035. (**Exhibit 3**, DOS

---

[1] In addition, although superfluous here, the entirety of Plaintiff's testimony is contradicted by Jeannette Rivera, who for the past 8 years has served as the building's super doing all of the things that Plaintiff claims to have done. See **Exhibit 5**, Affidavit of Jeannette Rivera.

Filing Information of Mis Hijos). Jose Palma Jr. ("Junior") began operating the Mis Hijos Deli Corp. grocery store in June 2013. (Junior 9:10-18), and hired Plaintiff to work with him. (**Exhibit 4**, Deposition Transcript of Junior Palma). Indeed, the extent of Jose Palma's connection with Mis Hijos was that after Defendant Palma Grocery went out of business, his children asked him for help them open a grocery store. As a result, Jose Palma created a corporation, signed those documents, and then immediately returned home to Dominican Republic. (Palma Depo. 30:16-31:19).

Notwithstanding the above, however, Plaintiff's complaint alleges that "at all times herein pertinent, Defendant[] Jose [Palma]…controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of [Mis Hijos Deli Corp.] in general, and with respect to Plaintiff in particular." Dkt. # 5, Compl. ¶ 38. Irrespective, Plaintiff cannot establish that Jose Palma was his employer at Mis Hijos Deli Corp. where, for the better part of 4 years, he has barely been in the country, let alone directed Plaintiff's employment. Even assuming that Jose Palma was the titular owner of Mis Hijos Deli Corp., none of the evidence borne out in the documents or Plaintiffs testimony lead to the conclusion that Jose Palma was Plaintiff's employer at Mis Hijos.

The law is clear, "[e]vidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status." *Irizarry*, 722 F.3d at 109. Courts in the Second Circuit have found that an ownership interest coupled even with a role in supervising employees is not sufficient to sustain individual FLSA liability. For example, in *Salinas v. Starjem Restaurant Corp.*, the court held that the CEO and majority shareholder of a restaurant was not an FLSA "employer" of the restaurant's staff even though she was in the restaurant daily acting

7

as a hostess and would instruct the staff as part of that role. 123 F. Supp. 3d 442, 450-51, 464 (S.D.N.Y. 2015) ("[A]n individual does not become an employer merely by directing employees to carry out tasks related to customer service."); *see also Juarez v. Precision Apparel, Inc.*, No. 12-CV-2349 ARR VMS, 2013 WL 5210142, at *7 (E.D.N.Y. Sept. 13, 2013) (adopting report and recommendation) (employee supervisor with an ownership interest in the business was not an FLSA employer); *See Salinas*, 123 F. Supp. 3d at 464 (individual defendant's role in signing paychecks was "not probative" because she was "otherwise not involved in employee compensation").

In order to establish control over Mis Hijos' operations' in a manner that related to Plaintiff's, at a minimum, Plaintiff would have to establish that Jose Palma was at least present during some portion of his employment there. Nothing can be further from the truth, however. In fact, when asked about the last time that he saw Jose Palma, Plaintiff stated "it's about more than two years." (Rosario Dep. 87:19-20) When asked if he recalled the last time he saw Jose Palma before that time, he noted that prior to that he had last seen Jose Palma when he became a citizen (Rosario Dep. 88:18-22). Jose Palma became a citizen in 2012, he got his U.S. Passport on September 17, 2012, and left the country on September 20, 2012. (**Exhibit 6**, Jose Palma's passport). In sum, Plaintiff testified that he has seen Jose Palma a total of two times in the past 4 years, a fact corroborated by Jose Palma's passport which shows that from September 20, 2012 through September 13, 2016 he was only in the United States for a total of 25 days. *Id.*

Indeed, even if you were to completely discount Jose Palma's testimony saying that he had nothing to do with Mis Hijos (Palma Dep. 44:1-3), and Junior Palma's testimony saying that he was the true and sole owner of Mis Hijos (Junior Dep. 7:7-13), Plaintiff would still be hard pressed to show that a man who he saw only two times in the past four years, and who spent less

8

than 4 weeks in the United States of America over the past four years: (1) had the power to hire and fire him (2) supervised and controlled his work schedule or conditions of employment, (3) determined his rate of pay and method of payment, and (4) maintained his employment records.

Given the above, it is clear that Jose Palma was not Plaintiff's employer during the time that he was at Mis Hijos, and as such all claims against him should be dismissed.

### 2. Defendant Jose Palma Sr. Was Not Plaintiff's Employer at Palma Grocery Corp. Either

As with Mis Hijos, Plaintiff fails to establish that Jose Palma was his employer at Palma Grocery. The documentary evidence combined with Plaintiff's statements, even if they were all accepted as true, clearly establishes that Jose Palma had no control over a company's actual operations in a manner that related to the Plaintiff's employment.

For starters, Palma Grocery Corp. is a domestic corporation formed under the laws of the State of New York in 1978. (**Exhibit 7**, DOS Filing Information of Palma Grocery Corp.). Palma Grocery is and always was the property of Leonida Collado. (**Exhibit 8,** Collado Dep. 8:8-8:14, 11:2-11:3, 15:20-15:24, 18:18-18:24; **Exhibit 9**, Palma Dep. 8:2-8:6). All of the Grocery store's licenses were under her name (Exhibit 10, Corporate Report for Grocery Store Beer License from NY State Liquor Authority) and she was there every day (Rosario Dep. 38:13-15), She directed Plaintiff's work (Rosario Dep. 38:11-12) and she regularly paid him (Rosario Dep. 38:9-10)

Plaintiff was hired to work at Palma Grocery by Reuben (Rosario Dep. 36:2-7), who set his schedule (Rosario Dep. 36:8-11) and his pay - $200, cash. (Rosario Dep. 36:12 – 14, 37:20-21) In fact even though, he consistently tried to pass blame on to Jose Palma, the closest he could come to implicating him was to suggest that "when the manger wasn't there, Jose paid." (Rosario Dep. 37:20 – 38:3). Conveniently Reuben, the manager, like Leonida Collado, was there every day (38:16-17).

Plaintiff's mere belief that Jose Palma is his employer does not make him an employer under the FLSA. *See Salinas v. Starjem Restaurant Corp.*, 123 F. Supp. 3d 442, 464 (S.D.N.Y. 2015) ("Plaintiffs' belief that [defendant] is a 'boss' does not make her an employer."); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F.Supp.2d 253, 314 (S.D.N.Y.2011) (explaining that "[plaintiff's] perception that [defendant] is an 'owner' does not make him an employer"); *Chao v. Vidtape, Inc.*, 196 F.Supp.2d 281, 291 (E.D.N.Y.2002), aff'd as modified, 66 Fed.Appx. 261 (2d Cir.2003) (summary order) (finding testimony that "most [employees] thought [defendant] was a 'boss' when asked" to be "insufficient to support a definition of employer under the economic realities test.") The Second Circuit's decision in *Irizarry* requires that we focus on the economic *reality* presented by the facts of each case and requires individual involvement in a company in a manner that affects employment related factors such as workplace conditions and operations, personnel, or compensation. 722 F.3d at 109.

In sum, based on the totality of the circumstances, the Court must find that Jose Palma is not Plaintiff's employer under the FLSA and NYLL. Indeed, notwithstanding Plaintiff's belief that Jose Palma was his boss, during the period that he worked at Palma Grocery, Plaintiff's own testimony shows that the economic reality was much different. To be sure 1) Reuben, not Jose Palma hired him, 2) Reuben and Leonida Collado, set his work schedule and told him what to do, and 3) Reuben determined his rate of pay and method of payment. Plaintiff doesn't claim that anyone, inclusive of Jose Palma, maintained any of his employment records.

Thus for the reasons outlined above, Plaintiff fails to establish that Jose Palma was his employer at Palma Grocery and as such all claims against him must be dismissed.

### III. EVEN IF PLAINTIFF COULD ESTABLISH THAT DEFENDANT JOSE PALMA WAS HIS EMPLOYER DURING THE PERIOD OF TIME THAT HE WORKED AT PALMA GROCERY, HIS FLSA CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

The FLSA provides a statute of limitations period of two years "after the cause of action accrued" in which to file a complaint for unpaid wages and overtime in federal court. 29 U.S.C. § 255(a). The FLSA statute of limitations period is extended to three years after such causes of action accrue for "a cause of action arising out of a willful violation." *Id*. Given that Plaintiff's Complaint in this action was filed on August 3rd, 2015, and that there is no evidence that Jose Palma was his employer after September 20, 2012, all FLSA claims against him are barred by the statute of limitations.

To prove a willful violation, an employee must establish "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). Reckless disregard "involves actual knowledge of a legal requirement, and deliberate disregard of the risk that one is in violation." *Hart v. Rick's Cabaret Int'l, Inc*., 967 F.Supp.2d 901, 937–38 (S.D.N.Y.2013) (internal quotation marks and citation omitted); *Pinovi v. FDD Enters., Inc*., 13 Civ. 2800, 2015 WL 4126872, at *4 (S.D.N.Y. July 8, 2015) ("Recklessness is defined as, at the least, an extreme departure from the standards of ordinary care, to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." (internal quotation marks and citation omitted)). "If an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful." *Parada v. Banco Industrial de Venezuela, C.A*., 753 F.3d 62, 71 (2d Cir. 2014) (internal quotation marks, citation, and brackets omitted); *see also Young v. Cooper Cameron Corp*., 586 F.3d 201,

207 (2d Cir.2009) (explaining that a showing of "[m]ere negligence is insufficient" to establish willfulness).

Here it is quite difficult, if not impossible to establish that Jose Palma willfully violated the FLSA where all of the evidence points to the fact that Jose Palma has barely been in the country since September 20, 2012. (Rosario Dep. 88:18-22; Exhibit 6, Jose Palma's passport). Even before that, it is clear that Jose Palma, who long ago had a falling out with Leonida Collado, had been living in the Dominican Republic since approximately 1984 (Palma Dep. 113:11-17); and that Leonida Collado had been running the store on her own (Collado Dep. 18:18-20).

The sheer magnitude of his absence from the business makes any finding of willfulness impossible. Thus, for the reasons detailed herein, Jose Palma's motion to dismiss the FLSA claims against him should be dismissed.

### III. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS

"In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT & T Corp.*, 138 F.3d 46, 57 (2d Cir.1998). A district court "may decline to exercise supplemental jurisdiction over a claim ... [where it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367(c)(3). "Courts in the Second Circuit routinely dismiss complaints where the FLSA provided the jurisdictional hook and the rest of plaintiffs' claims arise under state law." *Yang Li*, 2012 WL 1004854, at *5 (collecting cases). Accordingly, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## CONCLUSION

For the foregoing reasons, the Court should grant summary judgment dismissing Plaintiff's FLSA and NYLL claims against Defendant Jose Palma in their entirety and granting any and all further relief as may be just and proper.

Dated: New York, New York
October 8, 2016

/s/ *Argilio Rodriguez, Esq.*
By: Argilio Rodriguez, Esq.
Rodriguez Law, P.C.
Empire State Building
350 Fifth Avenue, Suite 5909
New York, NY 10118
(212) 960-3305
argilio@lawrodriguez.com

Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

*Attorneys for Defendants*