IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANUEL DE JESUS ROSARIO,

                         Plaintiff,

-against-

MIS HIJOS DELI CORP., PALMA GROCERY CORP.,
251 E. 123RD ST. REALTY, LLC, JOSE PALMA,
LEONIDA COLLADO, and JUNIOR PALMA,

                         Defendants.

No. 15-CV-6049 (LTS)(DCF)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

    Defendants Palma Grocery Corp. and Leonida Collado respectfully submit this memorandum of law in support of their motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

**PRELIMINARY STATEMENT**

    Plaintiff's FLSA and NYLL claims against Defendants Palma Grocery and Leonida Collado for any claims post-June 2013 must be dismissed because no employer-employee relationship existed. In this case, Plaintiff cannot establish an employer-employee relationship with Palma Grocery Corp. because Palma Grocery ceased operations and closed in May 2013, as evidenced by employee payroll records, corporate tax returns, NY Department of State records, the testimony of Plaintiff Rosario himself, as well as the deposition testimony of Defendants Junior Palma and Leonida Collado. The record is also clear that Defendant Leonida Collado was the owner and operator of Palma Grocery, and therefore, Plaintiff cannot establish an employer-employee relationship with Ms. Collado where she ceased to be involved in the grocery store business when Palma Grocery closed in May 2013.

Moreover, Plaintiff's FLSA claims against Defendants Ms. Collado and Palma Grocery prior to June 2013 should be dismissed as they are barred by the two year statute of limitations given that there is no evidence that Ms. Collado's conduct was willful. Indeed the record indicates that Ms. Collado had no knowledge that her pay practices were allegedly unlawful and she relied on advice from her legal counsel in determining her pay practices and compliance with the FLSA.

## STATEMENT OF FACTS

The facts set forth in Defendants' Rule 56.1 Statement are fully incorporated by reference herein.

## ARGUMENT

### I. PLAINTIFF'S FLSA CLAIMS AGAINST DEFENDANTS PALMA GROCERY CORP. AND LEONIDA COLLADO MUST BE DISMISSED

#### A. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings demonstrate that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (citations omitted).

The moving party initially bears the burden of demonstrating that no genuine issues of material fact remain. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this showing is made, the nonmoving party may not rely solely on "[c]onclusory allegations, conjecture, and

speculation," *Niagara Mohawk Power Corp. v. Jones Chem. Inc*., 315 F.3d 171, 175 (2d Cir.2003) (internal citations and quotation marks omitted), but must present specific evidence in support of its contention that there is a genuine dispute as to the material facts. Fed. R. Civ. P.56(e). The Court should resolve all ambiguities in favor of the nonmovant "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007) (citing Fed. R. Civ. P. 56(c)).

"In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found*, 51 F.3d 14, 18 (2d Cir.1995); *accord PepsiCo, Inc. v. Coca–Cola Co*., 315 F.3d 101, 105 (2d Cir.2002). By contrast, to defeat a motion for summary judgment, the nonmoving party must advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir.1996) (citation omitted).

### B. Plaintiff's FLSA Claims Against Defendants Palma Grocery and Leonida Collado For Any Claims Post June 2013 Must Be Dismissed Because No Employer-Employee Relationship Existed

Both the FLSA and the New York Labor Law establish that only employees have standing to bring an action against an employer. Specifically, section 29 U.S.C. § 216 states:

> **Any employer** who violates the provisions of section 206 or section 207 of this title **shall be liable to the employee or employees affected** in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who

violates the provisions of section 215 (a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215 (a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. **An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer** (including a public agency) in any Federal or State court of competent jurisdiction **by any one or more employees for and in behalf of himself or themselves and other employees similarly situated**. (emplasis added)

The New York Labor Law imposes a similar restriction:

If **any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article**, he or she may recover in **a civil action the amount of any such underpayments**, together with costs and such reasonable attorney's fees as may be allowed by the court, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to twenty-five percent of the total of such underpayments found to be due the employee and any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action. * NB Effective November 24, 2009 (emphasis added)

NYLL § 653:

While Courts have often debated as to the breadth of the definition of "employee" within the context of the FLSA, under no scenario has a person with no affiliation to the defendant been granted standing to sue under the Act. *See Barfield v. New York City Health and Hospitals Corp*., 537 F. 3d 132 (2d Cir. 2008) (A certified nursing assistant who worked for three agencies controlled by New York City Health and Hospitals Corp. was found to be an employee of that defendant.); *Carter v. Dutchess Cmty. Coll*., 735 F.2d 8 (2d Cir. 1984) (Plaintiff an inmate under the control of the New York State Department of Correctional Services was determined to be an employee of Dutchess Community College for whom he was performing services); *Zheng v. Liberty Apparel Co*., 355 F.3d 61 (2d Cir. 2003) (Garment workers hired by contractors who

4

performed work for garment manufacturers were determined to be employees of the garment manufacturers for purposes of the FLSA).

As a practical matter courts look beyond the common law definition of an employee and instead look at the "economic reality" of the situation in order to determine whether an employer-employee relationship exists. *Goldberg v. Whitaker House Coop., Inc*., 366 U.S. 28, 33 (1961). To determine the "economic reality" of a putative employment relationship Courts in this Circuit have required the plaintiff to show that "the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Barfield*, 537 F.3d at 142 (quoting *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984)).

> **i. Plaintiff Cannot Establish an Employer/Employee Relationship With Palma Grocery Corp. Because Palma Grocery Ceased Operations in May 2013**

As more fully described below, it is uncontested in this case that Palma Grocery ceased operations in May 2013 given that (1) the last Employee Payroll Report for Palma Grocery was for the month May 2013 and the first Employee Payroll Report for Mis Hijos was for the month June 2013; (2) the last tax return for Palma Grocery is for 2012 and the first tax return for Mis Hijos is for 2013; (3) New York Department of State records show that Mis Hijos was incorporated on May 21, 2013; (4) in his own words, Plaintiff Mr. Rosario himself testified that Palma Grocery's sign came down and a new sign went up in 2013 (for Mis Hijos); (5) Plaintiff further testified that the store closed in 2013, reparations were done, and the store opened with a new sign; (6) Defendant Junior Palma testified that Palma Grocery closed in May 2013 due to economic difficulties and that Mis Hijos began business at the same location in June 2013.

First, a review of the third party production from Defendants' accountant and attorney Mitchell Mund, corroborates the deposition testimony provided by Plaintiff Mr. Rosario and Defendants Ms. Collado and Junior Palma that Palma Grocery closed in May 2013 and Mis Hijos began operating in June 2013. Specifically, a review of payroll records reveals that the last Employee Payroll Report for Palma Grocery was for the month May 2013 (Mund 490, Decl. of A. Rodriguez, **Exhibit 1**) and the first Employee Payroll Report for Mis Hijos was for the month June 2013 (Mund 415, Decl. of A. Rodriguez, **Exhibit 2**).

Second, Mr. Mund's third party document production also includes corporate tax returns, which demonstrate that the last corporate tax return for Palma Grocery was for 2012 (Decl. of A. Rodriguez, **Exhibit 3**) and the first tax return or Mis Hijos was for 2013 (Decl. of A. Rodriguez, **Exhibit 4**) further supporting the timeline on when Palma Grocery ceased operating and when Mis Hijos opened.

Third, according to the New York Department of State's public corporations database, the record shows that Mis Hijos was incorporated on May 21, 2013, which falls in line with the deposition testimony of Plaintiff Mr. Rosario and Defendants Ms. Collado and Junior Palma, and other supporting documents described here. (Decl. of A. Rodriguez, **Exhibit 5**).

Fourth, at his deposition, Plaintiff Mr. Rosario testified that the signage for Palma Grocery came down in 2013, at which point the signage was changed to Mis Hijos. (Rosario Depo. 51:13 – 51:19, Decl. of A. Rodriguez, **Exhibit 6**). Fifth, Plaintiff Mr. Rosario further explained during his deposition that when Palma Grocery closed, the interior was being renovated, and the store eventually opened again after the renovations were completed with a different name in Mis Hijos. (Rosario Depo. 70:11 – 71:2, Decl. of A. Rodriguez, **Exhibit 7**).

6

Sixth, Defendant Junior Palma not only directly testified that Palma Grocery closed in May 2013 due to economic difficulties (Junior Depo. 13:16 -13:23, Decl. of A. Rodriguez, **Exhibit 8**) but also that Mis Hijos opened at the same location in June 2013 (Junior Depo. 9:10 – 9:12, Decl. of A. Rodriguez, **Exhibit 9**).

### ii. Defendant Leonida Collado Was the Owner/Operator of Palma Grocery Corp.

The fact that Leonida Collado was the owner and operator of Palma Grocery is supported and demonstrated by (1) documents regarding Palma Grocery's grocery store beer license, (2) corporation database, and (3) tax returns for Palma Grocery. The corporate report for Palma Grocery from the New York State Liquor Authority indicates that Leonida Collado was the sole stockholder. (Decl. of A. Rodriguez, **Exhibit 10).** The New York Department of State's corporation database records indicate that Ms. Collado was the Chief Executive Officer of Palma Grocery. (Decl. of A. Rodriguez, **Exhibit 11).** And finally, tax returns from Palma Grocery indicate that Ms. Collado was the stockholder. (Decl. of A. Rodriguez, **Exhibit 3).**

In addition to the above referenced documentary evidence indicating that Defendant Ms. Collado was the owner of Palma Grocery, she also indicated the same throughout her deposition. In her deposition, Ms. Collado explained that she alone was the owner (Collado Depo. 11:2 – 11:3, **Exhibit 12)** that she was always the owner at all times (Collado Depo. 15:20 – 15:23, **Exhibit 13**), and that she has always been running Palma Grocery on her own since 1981 (Collado Depo. 18:18 – 18:20, **Exhibit 14**). Ms. Collado's testimony is also corroborated by Defendant Junior Palma, who testified at his deposition that Ms. Collado was the owner of Palma Grocery. (Junior Palma Depo. 14:3 – 14:12, **Exhibit 15**).

### iii. Plaintiff Cannot Establish an Employer/Employee Relationship with Leonida Collado Where She Ceased to be Involved in the Grocery Store Business When Palma Grocery Closed

Plaintiff Mr. Rosario cannot establish an employer/employee relationship with Defendant Ms. Collado where the business shut down and closed in May 2013 and she therefore ceased to be involved in the grocery store business. In her deposition, Ms. Collado testified that she gave up the business and surrendered the lease in May 2013. (Collado Depo. 31:13 – 31:20, **Exhibit 16**). She also testified that she was no longer operating the store after May 2013 as her grocery store, Palma Grocery, closed. (Collado Depo. 87:13 – 87:19, **Exhibit 17**). This testimony was also corroborated in the deposition of Jose Palma, where he testified that Ms. Collado was the owner of Palma Grocery (Jose Palma Depo. 28:24 -29:5, **Exhibit 18**), and Junior Palma (Junior Palma Depo. 14:5 – 14:7, **Exhibit 19**).

### C. PLAINTIFF'S FLSA CLAIMS AGAINST DEFENDANTS LEONIDA COLLADO AND PALMA GROCERY PRIOR TO JUNE 2013 ARE BARRED BY THE STATUTE OF LIMITATIONS

Under the FLSA, the general statute of limitations for minimum wage and overtime claims is two years. 29 U.S.C. § 255(a). In order for the limitations period to be increased to three years, the employee must prove that the employer's violation was willful. *Id.*; *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009). The Supreme Court has explained that for an employer's actions to be willful, the employer must have "either [known] or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).

Reckless disregard "involves actual knowledge of a legal requirement, and deliberate disregard of the risk that one is in violation." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F.Supp.2d 901, 937–38 (S.D.N.Y.2013) (internal quotation marks and citation omitted). "Recklessness is defined as, at the least, an extreme departure from the standards of ordinary care, to the extent

8

that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *Pinovi v. FDD Enters., Inc.*, 13 Civ. 2800, 2015 WL 4126872, at *4 (S.D.N.Y. July 8, 2015 (internal quotation marks and citation omitted)). "If an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful." *Parada v. Banco Industrial de Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014) (internal quotation marks, citation, and brackets omitted); *see also Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir.2009) (explaining that a showing of "[m]ere negligence is insufficient" to establish willfulness).

The plaintiff bears the burden of proof to demonstrate willfulness. Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 141 (2d Cir. 1999).

Plaintiff commenced this action on August 3rd, 2015 [Dkt. No. 5]. Thus according to the statute of limitations, his FLSA claims can only go as far back as August 3, 2013, unless he can show that defendants acted willfully or with reckless disregard for the law. None of the evidence supports this claim.

### i. Plaintiff's FLSA Claims Against Leonida Collado Must Be Dismissed Where There Is No Evidence That Her Conduct Was Willful

Plaintiff's pre-June 2013 FLSA claims against Leonida Collado must be dismissed, where the evidence clearly establishes that she: (1) could not have acted willfully in allegedly violating the FLSA where she had no knowledge that her pay practices were unlawful, and (2) could not have acted with reckless disregard for the law where she relied on the advice of her legal counsel and accountant, Mitchell Mund, in determining her pay practices and compliance under the FLSA.

#### 1. Ms. Collado Had No Knowledge That Her Pay Practices Were Unlawful

There is no genuine issue of material fact that in seeking advice and legal counsel, from their attorney and accountant, Mr. Mitchell Mund, Defendants Ms. Collado and Palma Grocery could not have had actual knowledge that their pay practices were allegedly not compliant with the FLSA. Therefore, the Supreme Court's decision in *McLaughlin* necessitates a finding that its actions in violating the FLSA cannot be deemed willful. 486 U.S. 128, 135 n.13, 108 S. Ct. 1677, 100 L. Ed.2d 115 (1988) ("If an employer acts reasonably in determining its legal obligations, its action cannot be deemed willful…"). Or stated differently, no reasonable jury can find that Ms. Collado and Palma Grocery acted unreasonably in determining its legal obligations. Indeed, nothing can be more reasonable than seeking legal counsel to navigate the intricacies of and the constantly evolving landscape of wage and hour laws. Moreover, Plaintiff can point to no admissible evidence in the record in support of its burden that Defendant Palma Grocery acted with knowledge regarding alleged FLSA violations during the time it was open, which is an essential element of Plaintiff's claim in seeking a three year statute of limitations.

In *Pignataro v. Port Authority of New York and New Jersey*, the Third Circuit Court of Appeals affirmed the lower courts holding that the defendant did not act with a reckless disregard for the consequences, but rather…made a good faith effort to comply with the law where the manager of compensation testified that she relied on legal counsel in reaching her conclusion on FLSA compliance with overtime provisions. 593 F.3d 265, 273 (3d Cir. 2010). As a result, the court held that defendant had acted reasonably and that the FLSA violation was not willful.

In this case, Plaintiff cannot cite to a single fact to reflect that Defendant Ms. Collado acted with either knowledge to justify the application of a three-year statute of limitations instead of a two-year.

       **2.  Ms. Collado Relied On Advice of Counsel in Determining Her Pay Practices and Compliance with the FLSA**

In her deposition, Ms. Collado testified that she not only had discussions with her attorney and accountant, Mitchell Mund, regarding the manner and method of payment of her employees, but more importantly, that Mr. Mund advised her on how to pay her employees and was involved in setting both the manner and method of payment to her employees. (Collado Depo. 25:6 – 25: 16, **Exhibit 20**). Similarly, she also relied on Mr. Mund for recordkeeping issues and maintaining records regarding how much plaintiff was paid, his number of hours and rate of pay. (Collado Depo. 24:5 – 24:10, **Exhibit 21**).

### ii. Plaintiff's FLSA Claims Against Palma Grocery Must Be Dismissed Where There Is No Evidence That Its Conduct Was Willful

Even if you discredit the testimony from all involved that Leonida Collado was the owner of Palma Grocery Corp and was responsible for hiring, firing, supervising and paying employees, the evidence still establishes that Palma Grocery's alleged failure to comply with FLSA laws was not willful.

## II. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS

"In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT & T Corp.*, 138 F.3d 46, 57 (2d Cir.1998). A district court "may decline to exercise supplemental jurisdiction over a claim ... [where it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367(c)(3). "Courts in the Second Circuit routinely dismiss complaints where the FLSA provided the jurisdictional hook and the rest of plaintiffs' claims arise under state law." *Yang Li*, 2012 WL 1004854, at *5 (collecting cases). Accordingly, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## CONCLUSION

For the foregoing reasons, the Court should grant summary judgment dismissing Plaintiff's FLSA and NYLL claims against Defendants Leonida Collado and Palma Grocery Corp. in their entirety and grant any and all further relief as may be just and proper.

Dated:  New York, New York
October 19, 2016

*/s/ Argilio Rodriguez, Esq.*
By: Argilio Rodriguez, Esq.
Rodriguez Law, P.C.
Empire State Building
350 Fifth Avenue, Suite 5909
New York, NY 10118
(212) 960-3305
argilio@lawrodriguez.com

Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

*Attorneys for Defendants*