R&A
ROSS & ASMAR LLC
ATTORNEYS AT LAW

499 7th Avenue, 23rd FL. S. Tower
New York, New York 10018

tel_212.736.4202
fax_212.736.2873
www.rossasmar.com

November 1, 2016

VIA ECF

Honorable Debra Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     Rosario v. Mis Hijos Deli Corp, et. al.,
        15 CV 6049 (LTS)(DF)

Dear Magistrate Judge Freeman:

This firm represents Plaintiff Manuel Rosario in the above-referenced action brought against Defendants for wage violations under the FLSA and NYLL.  I write this letter to request that the Magistrate reconsider its decision denying Plaintiff permission to conduct the deposition of third party Mund Business Services ("Mund").  In the alternative, if the Magistrate will reconsider its ruling and permit the deposition based on the papers submitted herein, I respectfully request that the Magistrate schedule a conference so that counsel for the Plaintiff may appear before the Magistrate to fully explain the circumstances relating to this application.  In the alternative, is respectfully requested that the Plaintiff be given permission to seek relief before District Court Judge Laura Taylor Swain.

Defendants' letter objecting to Plaintiff's request, upon which the Magistrate may have relied in rendering its decision denying the request, mischaracterizes the course that discovery took in this matter and the reasons for prior extensions of discovery deadlines.  The Plaintiff in this action never delayed discovery.  In reality, Defendants have maintained a regular course of delaying and withholding responses to Plaintiff's demands.

The delay tactics perpetrated by the Defendants' conduct goes all the way back to when Defendants' prior counsel was replaced by current counsel.  The April 18 letter filed by Plaintiff was a joint letter from the parties seeking additional time to try to resolve this matter without

incurring additional discovery costs.  That additional time was necessary due to Defendants' failure to provide responses to Plaintiff's demands.

The August 3 discovery extension was again due to Defendants' failure to participate appropriately in discovery.  That request pertained to Defendants' delay in producing defendant Jose Palma to testify for his deposition, testifying both individually and as representative of the entity defendant 251 E. 123rd St Realty, LLC—a New York entity.  Plaintiff was willing to cooperate with Defendants in seeking extensions of time for the defendant to be produced for his deposition, and Defendants now seek to use Plaintiff's good faith to prejudice him in this litigation.

Once again the August 12 and 25 letters requesting additional time for discovery were related to Defendants' failure to provide documents and produce defendant Jose Palma for his deposition.  It also concerned delays in receiving documents from Mund, Defendants' accountant, and to Mr. Mund's stated lack of availability to appear for a deposition.

None of these delays have related to any matter within the control of Plaintiff.  In fact, it is Defendants who should have been making these requests to the Court as they all pertain to delays in Defendants' providing required responses to Plaintiff's demands, or producing Defendants for deposition.  Plaintiff acceded to extensions in the discovery deadlines to accommodate the Defendants.  All of the delays in this case were the result of the Defendants' request for additional time.  Now, the Court is punishing the Plaintiff for the Defendants inappropriate and improper conduct.

Defendants have delayed in responding to discovery, including most recently not providing demanded documents until after Defendants' depositions were concluded -- even though the Defendants were in possession of the documents but failed to advise counsel for the plaintiff at the deposition.  This issue was raised before the Court and the Court actually permitted my office to serve post deposition follow-up questions because the Defendants had failed to advise that they were in possession of additional documents at the time of the deposition.

As noted, Plaintiff was permitted to serve follow-up questions on defendant Jose Palma regarding those documents.  Although Defendant's sworn responses were ordered to be provided within three days of service of the questions, Plaintiff **still** has not received Jose Palma's sworn answers to those questions.  Again, Plaintiff accepted in good faith that those responses would be provided soon and again Defendants have taken advantage of Plaintiff and delayed.

In Defendants' unsworn responses to Plaintiff's follow-up questions regarding the withheld documents, Defendants ascribe blame to Mr. Mund for forged documents bearing defendant Jose Palma's name and signature.  The responses indicate that Mr. Palma did not fill out, sign, or even know about those documents and it was likely Mr. Mund who filled them out.  This information and these documents should have been provided to Plaintiff long before the discovery deadline.  Defendant Jose Palma's deposition should have occurred long before the discovery deadline.  Instead this information was all provided late by Defendants, and

Defendants seek to use their delay to keep Plaintiff from obtaining information material to this case.

The Defendants withheld documents from the Plaintiff during the deposition. We raised this issue to the Magistrate and were permitted to serve post deposition follow-up questions. The responses to those written follow-up questions demonstrate that the Defendants sought to prevent counsel for the Plaintiff from questioning the witness on these topics. And, even on the date that this letter is submitted to the Magistrate, the Defendants have not provided sworn responses to those follow-up questions.

The Defendants continue to fail to adhere to the Court's orders. Even now, the Defendants remain in default in responding to court order discovery. Yet, it is the Plaintiff that is being punished. It is respectfully submitted that the Court's failure to permit the deposition of Mind Business Services is an abuse of the Court's discretion. While we fully understand that the Court must move the case ahead toward trial, is respectfully submitted that the Magistrate should not punish the Plaintiff for the discovery abuses committed by the Defendants.

Defendants should not be permitted to abuse the discovery process in this manner, and Plaintiff respectfully submits that failure to permit Plaintiff to depose Mund Business Services is an abuse of discretion in this matter. Accordingly, Plaintiff requests that the Court reconsider its decision to deny Plaintiff's permission to conduct the deposition of Mitchell Mund, or hold a conference in connection with this request. In the alternative, Plaintiff respectfully requests permission to seek relief on the matter before District Court Judge Laura Taylor Swain.

Respectfully,

*Steven B. Ross*

STEVEN B. ROSS