IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANUEL DE JESUS ROSARIO,<br><br>        Plaintiff,<br><br>-against-<br><br>MIS HIJOS DELI CORP., PALMA GROCERY CORP., 251 E. 123RD ST. REALTY, LLC, JOSE PALMA, LEONIDA COLLADO, and JUNIOR PALMA,<br><br>        Defendants. | No. 15-CV-6049 (LTS)(DCF) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

Defendants, 251 E. 123rd St. Realty, LLC, Palma Grocery Corp., Jose Palma, and Leonida Collado, respectfully submit this reply brief in further support of their motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.

## ARGUMENT

**I.  SUMMARY JUDGMENT MUST BE GRANTED IN FAVOR OF DEFENDANT 251 E. 123RD ST. REALTY, LLC AS A MATTER OF LAW**

   **A.  PLAINTIFF'S CLAIMS MUST BE DISMISSED WHERE HE HAS FAILED TO REBUT THE PRESUMPTION THAT REALTY IS NOT AN ENTERPRISE ENGAGED IN COMMERCE**

As detailed in defendants' opening brief, 251 E. 123rd St. Realty, LLC. ("Realty") is the corporate entity whose sole asset is a fourteen unit rent controlled apartment located in East Harlem, New York. For the years encompassing the FLSA statutory period, Realty provided certified income tax returns showing that its gross revenues were $128,905 in 2012, $175,424 in 2013, $193,543 in 2014, and $223,271 in 2015. Thus, because Realty's gross revenues fall far below the $500,000 FLSA statutory minimum, Realty is not an "enterprise engaged in commerce" and all of Plaintiff's claims against it must be dismissed. 29. U.S.C. §§ 206 & 207.

1

Although Plaintiff attempts to defeat this irrefutable fact by claiming that "there is simply no reason to believe that the amount claimed by the LLC in gross receipts is the actual amount earned by the LLC", (Pl. Opp. at 18) he fails to present one iota of evidence to refute this fact. Instead plaintiff invites the court to engage in conjecture and speculation, in hopes of distracting it from the complete lack of evidence to support his theory.

In addition to being wrong on the facts, plaintiff is equally wrong on the law. Indeed, case law shows that even attacks on the credibility of tax returns must be supported by more than mere guesses. *See Jian Long Li v. Li Qin Zhao*, 35 F. Supp. D 300, 306 (E.D.N.Y. 2014) ("It is not enough for Li to argue that the tax returns did not credibly report the restaurant's gross sales, when considered alongside its costs, without furnishing "concrete" and "affirmative" evidence to support the conclusion that the restaurant's gross sales were more than $500,000 every year.") Similarly, in *Amparo v. Ink Point Tattoo*, the Court rejected plaintiff's argument challenging the accuracy of Defendants' tax returns and alleging a failure to report income, explaining that "Plaintiff's own speculation is insufficient to create an issue of material fact, particularly where the tax returns at issue were signed, and included the name and contact information for the accountant who prepared them." No. 13 Civ. 7232, 2015 WL 224360, at *3 (S.D.N.Y. Jan. 15, 2015). Here, the tax returns were prepared, signed and certified by a CPA, Mitchell Mund. (Exhibits 9-12, Decl. of A. Rodriguez in Support of Realty's Motion for Summary Judgment, Realty Tax Returns 2012-2015).

Plaintiff's reference to *De Xiong Pan v. Wei Plumbing, Inc.*, No. 12-cv-1781 (MHD), 2013 WL 6053496 (S.D.N.Y. Nov. 13,2013) is inapposite. In that case, the record was clear that adding all general contractor payments to defendant totaled $646,976 in 2009, and yet defendant reported only $36,353 in its tax returns that year. *Id.* at 11. The record also showed that

defendant's general contractor issued payments by check which were not deposited in any of the bank accounts on record. *Id.* In addition, there was no reference to defendants' tax returns being prepared by a Certified Public Accountant. None of those factors are present here. Here, Plaintiff can point to nothing in the record in the form of actual admissible evidence to support his position that earnings were received which were not reflected in the tax returns. Plaintiff can only offer speculation and conjecture – an unsupported theory of a possibility. (Pl. Opp. at 19-20) ("It is not too much of a stretch to suggest that Jose Palma might lie to the IRS…").

Unfortunately, it's not up to the Court to determine whether the defendant is lying or telling the truth, that is up to the trier of fact. The Court's job is to determine whether there are any facts to support Plaintiff's allegations against Realty. Here there are none.

### B. PLAINTIFF'S CLAIMS MUST BE DISMISSED WHERE HE FAILS TO ESTABLISH AN EMPLOYER/EMPLOYEE RELATIONSHIP WITH REALTY

Without citing any evidence or case law to support his proposition that Plaintiff was an employee of Realty, or that Realty meets the economic reality test with respect to Plaintiff, he continues to insist that Realty was his employer.

Indeed, while ignoring the plethora of law cited by Realty that lays out the legal framework for evaluating whether an employer/employee relationship exists between two parties, Plaintiff instead sets his sights on conjecture as the basis for why he believes the Court should find that he was an employee of Realty. Among Plaintiff's arguments are that "[t]he deposition testimony from the Defendants that these duties were undertaken by a woman named Francesca . . . or Jeannette Rivera . . . is simply not credible," and "[t]he affidavit submitted by Defendants' tenant, Jeannette Rivera, that she receives a $200 credit on her rent is simply not credible." (Pl. Opp. at 17-18).

Unfortunately, even if the Court dismisses both of these pieces of evidence, Plaintiff's own testimony is sufficient to defeat his cause. Plaintiffs' own testimony establishes that Jose Palma, the sole owner of Realty[1], never hired him to work for Realty (Rosario Dep. 69:23 -70:1) and that no one else had ever hired him to work at the building (Rosario Dep. 69:4-7). Indeed, when asked whether he worked for the building at his deposition Plaintiff Mr. Rosario stated "No. I didn't work for the building (Rosario Dep. 61:11-12), that working for the building was not part of his job (Rosario Dep. 63:7-8, 66:20-22, 68:16-69:3), that he was never compensated for working at the building (Rosario Dep. 63:9-11), that he was in fact never told that he would be compensated for it (Rosario Dep. 69:8-10), and that there was no set schedule for working at the building (Rosario Dep. 63:17-18, 64:22-65:4). When asked whether anyone supervised his alleged work at the building, Plaintiff sidestepped the question stating that an individual named Reuben "saw it…but had nothing to say, because it was well done" and that Jose Palma didn't need to supervise him because "There's nothing to supervise. Everything I do is well done." (Rosario Dep.69:23 – 70:5). In sum, Plaintiff's testimony, as viewed through the four factors of the economic reality test, establishes that he was not an employee of Realty.

To the extent that Plaintiff submits any testimony claiming to have worked at the building, as purported proof of his employment there, this argument is betrayed by Plaintiff's own admission that he did not consider himself an employee of Realty. See (Pl. Opp. at 21) ("…and while the plaintiff may even have thought that he was an employee only of Palma Grocery and later Mis Hijos…"). Furthermore, Plaintiff's brief alleging "that Jose Palma himself directed the Plaintiff (who was working at the deli) to perform custodial service in and at the residential portion of the building" (Pl. Opp. at 15) is a mischaracterization of testimony and

---

[1] The Articles of Organization of 251 E. 123rd St. Realty, LLC (Decl. of A. Rodriguez Exhibit 3) indicate that Jose Palma is the sole owner of Realty and this is undisputed fact.

contradicted by the record. As explained in Jose Palma's opening brief, Plaintiff admits that the last time he saw Jose Palma was "more than two years ago" (Rosario Dep 87: 19-20), and before that it was when he became a citizen in September 2012 (Rosario Dep. 88:18 – 22). In total, Plaintiff testified that he saw Jose Palma a total of two times in the past 4 years, a fact corroborated by Jose Palma's passport which shows that from September 20, 2012 through September 13, 2016 he was only in the United States for a total of 25 days. (Exhibit 7, Decl. of A. Rodriguez in Support of Jose Palma's Motion for Summary Judgment, Jose Palma's passport).

Thus, for the reasons detailed herein, Plaintiff fails to establish, by the economic reality test, that Realty was his employer. There being no material issue of fact as to this point, Plaintiff's claims against Realty must be dismissed in their entirety.

### C. PLAINTIFF'S FLSA CLAIMS AGAINST REALTY ALSO FAIL UNDER THE SINGLE ENTERPRISE THEORY

Having failed to establish that Realty is an enterprise engaged in commerce or Plaintiff's employer, Plaintiff next tries to implicate Realty via the so called "single enterprise" theory of liability. In sum, Plaintiff's argument is that even though Realty is not an enterprise engaged in commerce and not Plaintiff's employer, it should still be held liable and treated "as a single integrated enterprise" along with "both Palma Grocery and Mis Hijos" for purposes of employment under the FLSA. (Pl. Opp. at 21)

In furtherance of this novel theory, Plaintiff cites the inapposite 1996 Second Circuit case of *Murray v. Miner,* 74 F. 3d 402, 404 (2d Cir. 1996). Even assuming that Plaintiff's "single enterprise" discussion here actually refers to the "single employer doctrine" established there, that case had nothing to do with the FLSA. To be sure, the Court explained there that "[t]he National Labor Relations Board (NLRB) developed the single employer doctrine, which treats two nominally independent enterprises as a single employer, in order to protect the collective

bargaining rights of employees and to advance industrial stability.[2]" *Id.* at 405. Notably, in *Murray*, the Second Circuit actually affirmed the dismissal of plaintiff's employment contract claims in holding that the single employer doctrine does not apply in the absence of an employer-employee relationship at the time of the alleged wrong between the plaintiff and the affiliate of the defendant:

> However, regardless of the degree of control necessary to support a finding that two corporations acted as a single employer, the policy giving rise to the single employer doctrine is not implicated at all in the absence of an employer-employee relationship between the plaintiff and the affiliate of the defendant at the time of the alleged wrong.

*Id.* at 405. Thus, far from creating an employer-employee relationship in the absence of such a connection, as Plaintiff would urge the Court to do, the single employer doctrine establishes the existence of an employer-employee relationship as the foundation for subsequent liability. And, as has previously been established, such a relationship did not exist between Plaintiff and Realty.

Indeed, the absence of an employer-employee relationship, and thus the death to this newfangled theory, is conceded by Plaintiff when he asserts that plaintiff was told and believed that he was only an employee of Palma Grocery and later Mis Hijos. See Pl. Opp. at 21 ("While the Plaintiff might have been told that he worked for Palma Grocery and later Mis Hijos, and while the plaintiff may even have thought that he was an employee only of Palma Grocery and later Mis Hijos…") Therefore, as a threshold matter, the single employer doctrine is inapplicable in this case. Moreover, because Plaintiff's subsequent mudslinging regarding Jose Palma's alleged involvement in Palma Grocery and Mis Hijos is insufficient to get past this basic hurdle,

---

[2] As explained in *Murray*, 74 F.3d at 404 n.1, "More specifically, the NLRB uses the single employer doctrine to determine liability for unfair labor practices, to determine whether or not union picketing is directed at a neutral "secondary employer," to determine whether a union may seek to represent the employees of two enterprises in a single bargaining unit, and to determine whether an employer employs enough workers to satisfy NLRA jurisdictional limits. Wilson McLeod, *Shareholders' Liability and Workers' Rights: Piercing the Corporate Veil Under Federal Labor Law*, 9 Hofstra Lab.L.J. 115, 143 (1991).

Plaintiff's remaining arguments with respect to this theory of liability are moot. As such all of Plaintiff's claims against Realty must be summarily dismissed against Realty with prejudice.

**II.   SUMMARY JUDGMENT MUST BE GRANTED IN FAVOR OF DEFENDANT JOSE PALMA AS A MATTER OF LAW**

Defendants' motion for summary judgment in favor of Jose Palma must be granted because Plaintiff cannot, as a matter of law, demonstrate that Jose Palma was his employer.

### A. PLAINTIFF'S CLAIMS AGAINST JOSE PALMA UNDER THE SINGLE ENTERPRISE THEORY FAILS AS A MATER OF LAW

As detailed above, Plaintiff is misguided in his attempt to apply the single employer doctrine to this case. Thus, even if plaintiff could allege, as he does here, that Jose Palma was involved in every corporate defendant, there is not one iota of evidence to demonstrate the Plaintiff was employed at Realty. Moreover, since the existence of an employer-employee relationship is at the core of Plaintiff's theory, the fact that no such relationship exists between him and one of the defendants central to this theory, defeats his case.

Moreover, to the extent that Plaintiff tries to expand his weak footing regarding the single employer doctrine, by claiming that his actions were performed "for the benefit of [Realty] and Jose Palma" (Pl. Opp. at 13), even if true, Plaintiff fails to cite a single case to support the proposition that that creates an employer-employee relationship. Again, Plaintiff's theory of liability, spun out of conjecture and whole cloth are not legal foundations sufficient to survive a motion for summary judgment, as a matter of law.

### B. PLAINTIFF CANNOT ESTABLISH THAT JOSE PALMA WAS HIS EMPLOYER, THEREFORE ALL OF PLAINTIFF'S CLAIMS AGAINST HIM MUST FAIL

Plaintiff cannot as a matter of law establish that Jose Palma was his employer at Realty, Palma Grocery or Mis Hijos. Notwithstanding the clear and convincing evidence in this case, including Plaintiff's own testimony that he hasn't seen, let alone taken directions from, Jose Palma but twice in the past 4 years, and Jose Palma's official United States Passport which shows that he has been in the country for a total of 25 days in the past 4 years, and even more infrequently before that, Plaintiff still claims that there is "a mountain of evidence (much of it provided by Defendant Jose Palma himself and his attorneys) demonstrating that Jose Palma was the Plaintiff's 'employer' pursuant to the FLSA." (Pl. Opp. at 1-2) Then he goes on to quote extensively from the following stockpile of evidence:

- Defendants' Rule 26 disclosures – which are unsworn and inadmissible as evidence, but which nevertheless list everyone, including one Jose Rodriguez (who has never been mentioned since), as someone who can purportedly "provide information regarding the hours Plaintiff worked, Plaintiff's pay and Plaintiff's job description."

- Defendants' Reponses to Plaintiff's First Set of Interrogatories, sworn to by Junior Palma [not Jose Palma], in which Junior Palma declares what information he believes Jose Palma may be knowledgeable of.[3] (Indeed, these interrogatories even claim that Jose Palma was responsible for the incredible feat of "prepar[ing]

---

[3] Furthermore, Paragraph 11 the Interrogatory states very clearly that "Defendants object to any interrogatory which assumes the Defendants employed or joint employed the Plaintiff. . ." (Pls. Ex. K at 2). Similarly the interrogatory goes on to clarify that the "[u]se of the term 'Defendants' to any interrogatory does not act as an admission of acknowledgement that all named Defendants are responsive to the Interrogatory." Id at ¶12.

and/or distribut[ing] checks" even though he has barely been here in the past 4 years.) (Pl. Opp. at 3-4).

- Tax returns that suggest that Jose Palma received a salary from Palma Grocery.

- Tax returns that suggest that Jose Palma received a salary from Mis Hijos.

- A New York State Liquor Authority application stating that Jose Palma would be "overseeing the daily operations of the business" and "devoting 50 hours a week to the business."

Unfortunately, for Plaintiff, the fact that someone receives a salary from a place does not make that person an employer. Similarly, neither does lying to the New York State Liquor Authority regarding one's intent to work 50 hours a day in a business, when everyone knows that you live in the Dominican Republic. Indeed, the FLSA is concerned with employers and employees, not liars (if they were, there is a chance that Plaintiff wouldn't have standing to be here), and is concerned with the economic *reality*. Indeed, as detailed below, the bulk of the evidence, including Plaintiff's self-serving testimony, establishes that Jose Palma was not Plaintiff's employer.

    **1.** **If Realty Was Not An Employer, Then Jose Palma Was Not Plaintiff's Employer at Realty**

Notwithstanding Plaintiff's attempt at trying to implicate defendants Jose Palma and Realty in this action, the uncontroverted evidence establishes that Plaintiff was never an employee of Realty, and as such he could never have been Jose Palma's employee there.

Indeed, when asked directly whether Jose Palma had ever hired him to work at the building, Plaintiff unequivocally stated "no." (**Exhibit 2**, Rosario Dep. 69:23-70:1). He further noted that nobody hired him to work at the building (Rosario Dep. 69:4-7), and that working at the building was not part of his job. (Rosario Dep. 63:7-8, 66:20-22, 68:16-69:3). Moreover, as

9

detailed above, plaintiff concedes that he was not employed at Realty and he did not believe himself to be employed at Realty.

Thus, Plaintiff's allegations are insufficient, as a matter of law, to establish that Jose Palma was his employer at Realty. To be sure, all of the Plaintiff's statements undermine the elements required for him to prove that Jose Palma was his employer under the economic realities test. For starters, Plaintiff states that Jose Palma did not hire him to work at Realty. Secondly, his testimony clearly establishes that to the extent anyone asked him to do any work at the building it was never Jose Palma, and that Jose Palma did not supervise his work because "There's nothing to supervise."

Third, Jose Palma could not and did not determine rate of pay or method of compensation, where Plaintiff acknowledges that working at the building was not part of his job, and no compensation was ever offered or given. Finally, there is no allegation by Plaintiff or anyone else that Jose Palma maintained any employee records for Plaintiff.[4]

Thus, for the reasons alleged herein Plaintiff cannot establish an employer/employee relationship between himself and Jose Palma, as relates to work purportedly performed at Realty. As such all of Plaintiff's claims against Jose Palma alleging wage and hour violations stemming from this supposed relationship must be dismissed.

### 2. Plaintiff Fails to Establish That Jose Palma Was His Employer At Either Grocery Store

Notwithstanding Plaintiff's self-serving statements and counsel's interpretation of those statements, Plaintiff fails to establish that Jose Palma was his employer at Palma Grocery or Mis Hijos.

---

[4] In addition, although superfluous here, the entirety of Plaintiff's testimony is contradicted by Jeannette Rivera, who for the past 8 years has served as the building's super doing all of the things that Plaintiff claims to have done. See **Exhibit 5**, Affidavit of Jeannette Rivera.

      a)  *Plaintiff fails to establish that Jose Palma was his employer at Palma Grocery*

  Plaintiff concedes that Jose Palma did not hire him to work at Palma Grocery or Mis Hijos. (Pl. Opp. at 5). He also concedes that Jose Palma was not present at the grocery or the building. (Pl. Opp. at 7). Nevertheless, in an attempt to show that Jose Palmas was Plaintiff's employer, at Palma Grocery Plaintiff cites to his own testimony alleging that Reuben, with "authorization from Jose" told him how much he was going to make (Pls. opp. at 4) and that Jose Palma told him he could eat a sandwich (Pls. opp at 11).

  Unfortunately, neither point is enough to confer on Jose Palma employer status pursuant to the economic reality test. Moreover, Plaintiffs' claims regarding Jose Palma's purported control are all refuted by the overwhelming documentary evidence indicating that Defendant Ms. Collado was the sole owner and operator of Palma Grocery including all witness testimonies (Exhibits 16-19, Decl. of A. Rodriguez), the documents regarding Palma Grocery's grocery store beer license, NY Department of State documents referring to her as Chief Executive Officer, and tax returns indicating she was the only stockholder. (Exhibits 10, 11 and 3, Decl. of A. Rodriguez).

  Moreover, Plaintiff's attempt to portray the business as run by Jose Palma's family members, is betrayed by the fact that the individuals claimed to be managers of the business – Reuben and Daniel – ceased being a part of the business in the 1980s. And fails to account for the fact that Jose Palma and Leonida Collado have been separated since the 1990s and that Jose Palma has been living in the Dominican Republic, where he has a wife and two children for over twenty years.

Thus, for the reasons established herein, Plaintiff cannot establish, as a matter of law, that Jose Palma was his employer at Palma Grocery.

        b) *Plaintiff fails to establish that Jose Palma was his employer at Mis Hijos Grocery*

While Plaintiff cannot cite to a single direct interaction between himself and Jose Palma with respect to any aspect of the economic reality test, Plaintiff claims that, like God, Jose Palma is the unseen hand that worked through everyone else to control his fate. Unfortunately, while plaintiff is correct that *Irizarry* does not require absolute control over every aspect of a business in order to establish employer status. Certainly, it is also true that no control over any aspect of a business cannot be the basis for creating an employer-employee relationship.

Indeed, here other than Plaintiff's statements – alleging that the conversations that he had with individuals were being directly controlled by the behind the scenes hand of Jose Palma – he can cite to not a single pay check, schedule change, hiring decision, etc., that he ever saw Jose Palma engage in. Instead, Plaintiff's entire theory of liability is based on conjecture and mysticism.

Thus, for the reasons put forth herein, summary judgment must be granted in favor of defendant Jose Palma, where Plaintiff cannot, as a matter of law, establish that Jose Palma was his employer.

### III. PLAINTIFF'S FLSA CLAIMS AGAINST LEONIDA COLLADO AND PALMA GROCERY MUST BE DISMISSED

    A. PLAINTIFF FAILS TO ESTABLISH ANY CLAIMS AGAINST LEONIDA COLLADO OR PALMA GROCERY AFTER PALMA GROCERY CLOSED IN 2013

Plaintiff's FLSA claims against Defendants Leonida Collado and Palma Grocery for any claims post-June 2013 must be dismissed because no employer-employee relationship existed, given that the record indicates that Palma Grocery ceased operations in May 2013. As extensively detailed in Ms. Collado's and Palma Grocery's opening brief, the documentary record in this case is undisputed that Palma Grocery ceased operations in May 2013, as evidenced by the fact that the last employee payroll report for Palma Grocery was for May 2013; the corporate tax return for Palma Grocery was in 2012 and the first tax return for Mis Hijos was for 2013; NY Department of State records indicate Mis Hijos was incorporated on May 21, 2015; Plaintiff Mr. Rosario himself testified at his deposition that the signage for Palma Grocery was removed in 2013, renovations were done, and it grocery/deli opened under a different name in Mis Hijos, in addition to the deposition testimony of Defendants Ms. Collado and Junior Palma.

Plaintiff's contention that Defendant Ms. Collado "cannot escape responsibility for these wage violations simply because she took her name off the project" is unsupported in case law and ridiculous. Only an "employer" can be held liable for wage and hour claims. The moment Palma Grocery closed as a business, Defendant Ms. Collado was no longer an employer and can no longer be held liable for wage and hour claims after this date. Plaintiff's contention that she had an "ongoing relationship with the other Defendants" as demonstrated by her personal taxes being prepared by Mund Business Services and categorized under Mis Hijos is not a legal basis for bestowing employer liability. (Pl. Opp. at 29-30). Just because Ms. Collado shares an accountant does not lead to the conclusion that she remained an employer post-June 2013. In short, Plaintiff cannot establish an employer-employee relationship with Ms. Collado and Palma Grocery because it ceased operations in May 2013.

Plaintiff also fails to address and therefore concedes the overwhelming documentary evidence indicating that Defendant Ms. Collado was the sole owner and operator of Palma Grocery including documents regarding Palma Grocery's grocery store beer license, NY DOS documents referring to her as Chief Executive Officer, and tax returns indicating she was the only stockholder. (Exhibits 10, 11 and 3, Decl. of A. Rodriguez). Defendants Ms. Collado and Junior Palma corroborated this point at their depositions as well, stating that the business shut down in May 2013 and the premises were surrendered in May 2013. (Exhibits 16-19, Decl. of A. Rodriguez).

### B. PLAINTIFF'S FLSA CLAIMS FROM AUGUST 2012 – MAY 2013 ARE BARRED BY THE STATUTE OF LIMITATIONS BECAUSE HE FAILED TO ESTABLISH WILLFULNESS

Plaintiff's contention that Defendant Ms. Collado and Palma Grocery must have acted willfully because of the "severe underpayment" is just another example of blatant and egregious mischaracterization of deposition testimony. The deposition testimony cited that "at the beginning of his employment, the Plaintiff was making just $200 per week for more than 54 hours per week of work" which "works out to approximately $3.70 per hour" (Pl. Opp. at 28, citing Collado Deposition 101:11-14), fails to reference what comes afterwards – namely that she testified and Plaintiff confirms in his Complaint (Compl. ¶ 23) that he began working in 1995. The minimum wage in New York in 1995 was $4.25. There was no reference or testimony as to Plaintiff's hours worked per week in 1995 so it disingenuous of Plaintiff to claim there was testimony that Plaintiff worked 54 hours per week in 1995.

Plaintiff can cite to no authority or case law suggesting that the fact that an employee was paid in cash, as opposed to by check, contributes to an analysis of willfulness under the FLSA or leans in favor of willfulness. Therefore, this argument must also be rejected.

Furthermore, again, contrary to Plaintiffs' representation that "all they needed to do was speak to their accountant, to speak to their lawyer, to make some effort to understand their obligations under the FLSA" (Pl. Opp. at 28-29), this is indeed what Ms. Collado testified to in her deposition. Ms. Collado testified at her deposition that she not only had discussions with her attorney and accountant, Mitchell Mund, regarding the manner and method of payment of her employees, on how to pay her employees, setting both the manner and method of payment to her employees, and for recordkeeping issues and maintaining records regarding how much plaintiff was paid, his number of hours and rate of pay. (Collado Dep. 25:6 – 25:16 and 24:5 – 24:10, Exhibit 20-21, Decl. of A. Rodriguez).

### IV. THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFF'S NEW YORK STATE LAW CLAIMS

The Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT & T Corp.*, 138 F.3d 46, 57 (2d Cir.1998). A district court "may decline to exercise supplemental jurisdiction over a claim ... [where it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367(c)(3). "Courts in the Second Circuit routinely dismiss complaints where the FLSA provided the jurisdictional hook and the rest of plaintiffs' claims arise under state law." *Yang Li*, 2012 WL 1004854, at *5 (collecting cases).

### CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motions for summary judgment on behalf of 251 E. 123rd St. Realty, LLC, Palma Grocery Corp., Jose Palma, and Leonida Collado, and grant any and all further relief as may be just and proper.

Dated: New York, New York
December 23, 2016

                                        */s/ Argilio Rodriguez, Esq.*
By: Argilio Rodriguez, Esq.
Rodriguez Law, P.C.
Empire State Building
350 Fifth Avenue, Suite 5909
New York, NY 10118
(212) 960-3305
argilio@lawrodriguez.com

Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

*Attorneys for Defendants*