UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MANUEL DE JESUS ROSARIO,

                     Plaintiff,

-against-

MIS HIJOS DELI CORP., PALMA
GROCERY CORP., 251 E. 123RD ST.
REALTY, LLC, JOSE PALMA, LEONIDA
COLLADO, and JUNIOR PALMA,

                     Defendants.
-------------------------------------------------------X

Case No.: 15-CV-06049

## PRETRIAL CONSENT ORDER

      Pursuant to the Court's Individual Part Rules, Plaintiff Manuel de Jesus Rosario ("Plaintiff") by and through his attorneys, Ross & Asmar LLC, and Defendants Mis Hijos Deli Corp. ("Deli Corp"), Palma Grocery Corp. ("PGC"), 251 E.123rd St. Realty, LLC ("Realty"), Jose Palma ("Palma"), Leonida Collado ("Collado"), and Junior Palma ("Junior") (collectively "Defendants"), by and through attorneys, Rodriguez Law, P.C. and Law Offices of Martin Restituyo, P.C., state the following:

### I.    Joint Overview of the Case

Plaintiff brought this action seeking damages against Defendants, alleged to be his employers under State and Federal law. Plaintiff sought damages for failure to pay minimum wage, overtime, spread-of-hours and split shift pay, and failure to provide required wage notice and wage statements. The Defendants include three individuals that Plaintiff alleges owned/operated the three corporate defendants. Defendant Realty is the current owner of the building where Defendants PGC and Deli Corp. operate(d). Defendant Palma is the sole owner of Realty, and prior to the creation of Realty, Palma was the sole owner of the building. Plaintiff alleges that he

worked in the deli portion of the building, under both PGC and Deli Corp., and also performed work in the residential portion of the building. Defendants dispute Plaintiff's allegations: 1) that he worked in the residential portion of the building, 2) regarding his hours worked and amounts paid, and 3) some of the Defendants' purported status as Plaintiff's employer under the FLSA and NYLL

## II.   Particularized Description of Claims

Subsequent to summary judgment motions filed by certain defendants, the following claims remain.

As against defendants Junior and Deli Corp., no motion for summary judgment was made and all claims alleged by Plaintiff (minimum wage, overtime, spread-of-hours and split shift pay, and failure to provide wage notice and wage statements (plus liquidated damages, attorney's fees, and costs)) remain to be determined at trial.

As against defendant Realty, summary judgment was found in favor of defendant as regards to claims under the FLSA. The Court did not determine whether Realty was an employer under NYLL. Thus, all of Plaintiff's claims under the NYLL (minimum wage, overtime, spread-of-hours and split shift pay, and failure to provide wage notice and wage statements (plus liquidated damages, attorney's fees, and costs)) remain to be determined at trial.

As against Defendant Palma, summary judgment was granted in favor of defendant as regards to claims under the FLSA prior to August 3, 2013. All of Plaintiff's claims under the FLSA after August 3, 2013 and all of Plaintiff's claims under the NYLL (minimum wage, overtime, spread-of-hours and split shift pay, and failure to provide wage notice and wage statements (plus liquidated damages, attorney's fees, and costs)) remain to be determined at trial.

As against Defendants PGC and Collado, summary judgment was granted in favor of defendants as regards to claims under the FLSA and to claims under the NYLL after July 2013. All of Plaintiff's claims under the NYLL prior to the end of July 2013 (minimum wage, overtime, spread-of-hours and split shift pay, and failure to provide wage notice and wage statements) remain to be determined at trial.

### III. Particularized Statement of Facts, Stipulations, Admission, and other matters on which the Parties Agree

Plaintiff previously worked for defendants Deli Corp. and PGC. In the performance of such work, Plaintiff regularly handled products which had been moved in commerce. Plaintiff's duties included, ordering inventory, receiving deliveries, and stocking inventory. Defendant Collado was the listed owner of PGC.

Defendant Realty is a domestic limited liability company organized under the laws of the State of New York and is the owner of the building located at 251 E.123rd St., New York, New York. Prior to ownership of the building being transferred to Defendant Realty, Defendant Palma was the sole owner of the building. The building is five stories tall, with a grocery store on the first floor and residential units above. The commercial space is and has always been rented by a grocery store. PGC occupied the commercial space from 1978 to on or about May 2013, and Mis Hijos Deli Corp. has occupied the commercial space from on or about June 2013 to the present.

Plaintiff commenced working at PGC in 1995.

The parties stipulated that PGC and Deli Corp. are enterprises engaged in interstate commerce, for the purposes of the FLSA.

### IV. Parties' Particularized Contentions as to the Specific Facts that are Disputed

Plaintiff:

Plaintiff alleges that he performed work for all three corporate defendants, and that all three individual defendants were his employer under the relevant State and Federal laws as they had the power to hire and fire him, set his rate of pay, and/or direct his activities and responsibilities.

Plaintiff alleges that he worked in the deli portion of the building, and that he also worked in the residential portion of the building performing duties not related to the deli, *inter alia,* cleaning staircases and hallways, taking out the trash, and clearing the sidewalk of snow.

Plaintiff alleges that during the relevant period, he regularly worked in excess of 40 hours per week, working at a minimum six days per week from 5:30am to 3:00pm.

Plaintiff alleges that during the relevant period, he was paid $325 per week regardless of the hours worked.

Plaintiff alleges that he was not provided with a wage notice or wage statements as required by the relevant statutes.

Plaintiff alleges that the Defendants are jointly and severally liable.

Plaintiff alleges that defendants Deli Corp. and Realty are liable for claims arising prior to their corporate formation as successors to PGC and Palma.

Plaintiff alleges that he was not paid an extra hour at minimum wage for those days where his spread of hours exceeded ten hours in a single day.

Defendants:

Defendant Realty contends that it was never Plaintiff's employer and that there is not one iota of evidence to support this contention.

Similarly, defendant Palma contends that he was never Plaintiff's employer.

All Defendants oppose the notion that they are jointly or severally liable based on any cognizable theory of law, including Joint Employer or Single Enterprise Theory.

## V. Particularized Statement of the Injunctive Relief, Declaratory Relief, and/or Damages Claimed

1. As regards defendants Palma, Junior, Deli Corp., and Realty, Plaintiff claims an amount to be determined at trial, but in no event less than $104,872.55 plus attorney's fees, costs, and prejudgment interest.

Damages have been calculated as:

For the period of August 3, 2009 to April 9, 2011, underpayment of wages in the amount of $13,147.27 plus liquidated damages under the NYLL at 25% of unpaid wages equaling $3,286.82.

For the period of April 10, 2011 to August 2, 2012, underpayment of wages in the amount of $10,256.10 plus liquidated damages under the NYLL at 100% of unpaid wages equaling $10,256.10.

For the period of August 3, 2012 to December 30, 2013, underpayment of wages in the amount of $10,991.20 plus liquidated damages under the NYLL at 100% of unpaid wages equaling $10,991.20.

For the period of December 31, 2013 to December 30, 2014, underpayment of wages in the amount of $10,348 plus liquidated damages under the NYLL at 100% of unpaid wages equaling $10,348.

For the period of December 31, 2014 to August 3, 2015, underpayment of wages in the amount of $7,623.93 plus liquidated damages under the NYLL at 100% of unpaid wages equaling $7,623.93.

For failure to provide wage notice or appropriate wage statements: $10,000.

2. As regards defendants PGC and Collado, Plaintiff claims an amount to be determined at trial, but in no event less than $61,101.35 plus attorney's fees, costs, and prejudgment interest.

Damages have been calculated as:

For the period of August 3, 2009 to April 9, 2011, underpayment of wages in the amount of $13,147.27 plus liquidated damages under the NYLL at 25% of unpaid wages equaling $3,286.82.

For the period of April 10, 2011 to August 2, 2012, underpayment of wages in the amount of $10,256.10 plus liquidated damages under the NYLL at 100% of unpaid wages equaling $10,256.10.

For the period of August 3, 2012 to June 30, 2013, underpayment of wages in the amount of $7,077.53 plus liquidated damages under the NYLL at 100% of unpaid wages equaling $7,077.53.

For failure to provide wage notice or appropriate wage statements: $10,000.

Defendant's Position

It is Defendants' position that Plaintiff is purposely trying to mislead the Court in his calculation of damages in order to augment them and double count Plaintiff's earlier period of employment. To be clear, Defendants' position is that damages are as follows:

1. For the period of August 3, 2009 – June 30, 2013, Plaintiff sustained damages of no more than $61,101.35, or less as to be determined by the trier of fact.

2. For the period of July 1, 2013 – August 3, 2015, Plaintiff sustained damages of no more than $43,771.20, or less as to be determined by the trier of fact.

In sum, while the Plaintiff seeks to double count his damages for the period of August 3, 2009 – June 30, 2013, even under his calculation of damages (which we do not concede to be accurate), Plaintiff's total damages are only $104,872.55 in total (and not $104,872.55 + $61,101.35).

## VI. List of Intended Witnesses

a. Plaintiff

| Name | Address | Description of Testimony | Objection(s), if any |
|---|---|---|---|
| Manuel de Jesus Rosario | c/o Plaintiff's counsel | Plaintiff will testify regarding the nature of his hiring, employment (including duties, responsibilities, and pay), identities and responsibilities/actions of his employers | |
| Jose Palma | c/o Defendants' counsel | To testify regarding Plaintiff's employment, and ownership and control of the defendant entities, including each individual defendant's responsibilities and authority | |
| Leonida Collado | c/o Defendants' counsel | To testify regarding Plaintiff's employment, and ownership and control of the defendant entities, including each individual defendant's responsibilities and authority | |

| Name | Address | Description of Testimony | Objection(s), if any |
|---|---|---|---|
| Jose Palma Jr. a/k/a Junior Palma | c/o Defendants' counsel | To testify regarding Plaintiff's employment, and ownership and control of the defendant entities, including each individual defendant's responsibilities and authority | |
| Mitchell Mund | Mund Business Services Inc. 100-15 Queens Blvd, Forest Hills, NY 11375 | Defendants' accountant to testify regarding Defendants' financial and payroll records provided in response to subpoena | Objection: Mr. Mund is an attorney, communications protected by attorney-client privilege. |

b. Defendants

| Name | Address | Description of Testimony | Objection(s), if any |
|---|---|---|---|
| Jeannette Rivera | c/o Defendant's counsel | Rebuttal witness will be called to contradict Plaintiff's testimony with respect to his alleged duties at the building. | |
| Taurino Candia | c/o Defendant's counsel | Rebuttal witness will be called to contradict Plaintiff's testimony with respect to his duties at the PGC, Deli Corp., and at the building. Will also contradict Plaintiff's testimony regarding the hours that he allegedly worked. | Objection: No individual has been identified by name or address |

## VII. List of Exhibits with Objections

a. Plaintiff

| Exhibit Number or Letter | Description | Objection(s), if any | Status |
|---|---|---|---|


| | | | |
|---|---|---|---|
| 1 | Stipulation re Gross Receipts | | |
| 2 | Defendants' Submissions to State Liquor Authority | | |
| 3 | Defendants Submissions to Department of Housing Preservation and Development | Objection: Provided After Close of Discovery | |
| 4 | Deli Corp. Payroll Records 2013-2016 | Objection: Work Product | |
| 5 | PGC Payroll Records 2009-2013 | Objection: Work Product | |
| 6 | Palma and Junior's W-2 Statements from Deli Corp. 2013–2015 | Objection: Work Product | |
| 7 | Deli Corp.'s W-3 Statements 2013–2015 | Objection: Work Product | |
| 8 | Palma, Junior, and Collado's W-2 Statements from PGC 2009–2013 | Objection: Work Product | |
| 9 | PGC's W-3 Statements 2009–2013 | Objection: Work Product | |
| 10 | Palma's Tax Return 2009 | Objection: Work Product | |
| 11 | Palma's Tax Return 2010 | Objection: Work Product | |
| 12 | Palma's Tax Return 2011 | Objection: Work Product | |
| 13 | Palma's Tax Return 2012 | Objection: Work Product | |
| 14 | Palma's Tax Return 2013 | Objection: Work Product | |
| 15 | Palma's Tax Return 2014 | Objection: Work Product | |
| 16 | Junior's Tax Return 2015 | Objection: Work Product | |
| 17 | Deli Corp.'s Tax Return 2013 | Objection: Work Product | |
| 18 | Deli Corp.'s Tax Return 2014 | Objection: Work Product | |
| 19 | Accountant's Ledger for Deli Corp. | Objection: Work Product | |
| 20 | Accountant's Ledger for PGC | Objection: Work Product | |
| 21 | Defendants' Rule 26(a)(1) Disclosures | Objection: Best Evidence Rule | |

| | | | |
|---|---|---|---|
| 22 | Defendants' Responses to Interrogatories | Objection: Best Evidence Rule | |
| 23 | Photographs of Deli Premises | | |
| 24 | PGC NYS-45 Forms | Objection: Work Product | |
| 25 | PGC Certificate of Incorporation | | |
| 26 | Deli Corp. Certificate of Incorporation | | |
| 27 | Realty Operating Agreement | | |
| 28 | Realty Organization Documents | | |
| 29 | Deed for 251 E. 123rd Street, New York, NY dated 10/22/1985 | | |
| 30 | Plaintiff W-2 Records | Objection: Work Product | |
| 31 | Deed transferring 251 E. 123rd Street, New York, NY from Palma to Realty dated 10/14/2010 | | |
| 32 | Invoices from Mund Business Services, Inc. | | |
| 33 | Deposition of Plaintiff 7.21.16 | | |
| 34 | Deposition of Collado 7.26.16 | | |
| 35 | Deposition of Junior 7.26.16 | | |
| 36 | Deposition of Junior 7.29.16 | | |
| 37 | Deposition of Palma 9.22.16 | | |

b. Defendants

| Exhibit Number or Letter | Description | Objection(s), if any | Status |
|---|---|---|---|
| A | Deposition Transcript of Manuel de Jesus Rosario which occurred on July 21, 2016 | Subject to objections made during deposition for portions | |

| | | | |
|---|---|---|---|
| | | sought to be admitted | |
| B | Deposition Transcript of Jose Joaquin Palma dated September 22, 2016 | Subject to objections made during deposition for portions sought to be admitted | |
| C | Deposition Transcript of Jose Palma, Jr. s/h/a Junior Palma which occurred July 26, 2016 | Subject to objections made during deposition for portions sought to be admitted | |
| D | Deposition Transcript of Leonida Collado which occurred on July 26, 2016 | Subject to objections made during deposition for portions sought to be admitted | |
| E | | Objection: Blank-no exhibit listed | |
| F | New York State Department of State Division of Corporation entity information report for Palma Grocery Corp. | | |
| G | New York State Department of State Division of Corporation entity information report for Mis Hijos Deli Corp. | | |
| H | Articles of Organization of 251 E. 123rd St. Realty, LLC | | |
| I | Certificate of Occupancy of the building, issued by the Department of Housing and Buildings, dated April 25, 1944 of the Realty premises located at 251 E. 123rd Street, New York, New York. | | |
| J | Schedule E for 2012 issued by 251 E. 123rd Street Realty, LLC to Jose Palma Sr.'s for his personal tax returns, given that it is a single member LLC | | |
| K | Schedule E for 2013 issued by 251 E. 123rd Street Realty, LLC to Jose Palma | | |

|   |   |   |   |
|---|---|---|---|
|   | Sr.'s for his personal tax returns, given that it is a single member LLC |   |   |
| L | Schedule E for 2014 issued by 251 E. 123rd Street Realty, LLC to Jose Palma Sr.'s for his personal tax returns, given that it is a single member LLC |   |   |
| M | Schedule E for 2015 issued by 251 E. 123rd Street Realty, LLC to Jose Palma Sr.'s for his personal tax returns, given that it is a single member LLC |   |   |
| N | Affidavit of Jeannette Rivera | Objection: Hearsay |   |
| O | Jose Palma's passport |   |   |
| P | Corporate Report for the Grocery Store Beer License from NY State Liquor Authority of Palma Grocery |   |   |
| Q | Last employee payroll record for Palma Grocery Corp., Mund 490) |   |   |
| R | First employee payroll report for Mis Hijos Deli Corp., Mund 415) |   |   |
| S | Last corporate tax return for Palma Grocery for 2012 |   |   |
| T | First tax return for Mis Hijos for 2013 |   |   |

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

VIII. **Estimate of Length of Trial**

    a. Plaintiff estimates he will require 3 days for the presentation of his case.

    b. Defendants estimate they will require 3 days for the presentation of their defense.

Respectfully Submitted,

ROSS & ASMAR LLC

By: _____
Steven B. Ross, Esq. (SR5059)
Ross & Asmar LLC
499 Seventh Avenue
23rd Floor South Tower
New York, NY 10018
(212) 736-4202

*Attorneys for Plaintiff*

RODRIGUEZ LAW, P.C.

By: */s/ Argilio Rodriguez*
Argilio Rodriguez, Esq.
Rodriguez Law, P.C.
Empire State Building
350 Fifth Avenue, Suite 5909
New York, NY 10118
(212) 960-3305


LAW OFFICE OF MARTIN RESTITUYO, P.C.

By: */s/ Martin Restituyo*
Martin Restituyo, Esq.
Law Office of Martin E. Restituyo, P.C.
1345 Avenue of the Americas, 2nd Floor
New York, NY 10105
(212) 729-7900

*Attorneys for Defendants*