UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MANUEL DE JESUS ROSARIO,

                               Plaintiff,

   -against-

MIS HIJOS DELI CORP., PALMA                     Case No.: 15-CV-06049
GROCERY CORP., 251 E. 123RD ST.
REALTY, LLC, JOSE PALMA, LEONIDA
COLLADO, and JUNIOR PALMA,

                              Defendants.
-------------------------------------------------------X

## PLAINTIFF'S REQUEST TO CHARGE

      There are several factual issues that you will be asked to determine at this trial. Plaintiff bears the burden of proof on these issues. However, on some of the issues the burden of proof is shifted to the Defendants, or the Defendants otherwise bear the burden of proof. I will instruct you in this regard. The issues that must be resolved by you are as follows:

      1.     In this case, Manuel Rosario claims that each of the Defendants did not pay Mr. Rosario either the minimum wage or the overtime pay they were required to pay by the federal Fair Labor Standards Act, also known as the FLSA, and the New York Labor Law.

      2.     To succeed on his claim against the Defendants, Mr. Rosario must prove each of the following facts by a preponderance of the evidence:

      a.  First:  That Mr. Rosario was an employee of the Defendants and that the Defendants were engaged in commerce or in the production of goods for commerce or that Mr.

1

Rosario was employed by an enterprise engaged in commerce or in the production of goods for commerce.

b. Second: That any Defendants failed to pay Mr. Rosario the minimum wage and overtime pay required by law.

3. For the first element, Mr. Rosario must prove by a preponderance of the evidence that he was an employee and was employed by a person or enterprise engaged in commerce or in the production of goods for commerce.

4. The term "commerce" has a very broad meaning and includes any trade, transportation, transmission, or communication between any place within a state and any place outside that state. Mr. Rosario was engaged in the "production of goods" if he was employed in producing, manufacturing, mining, handling, or transporting goods, or in any other manner worked on goods or any closely related process or occupation directly essential to the production of goods.

5. An "enterprise engaged in commerce or the production of goods for commerce" means a business that has employees engaged in commerce or the production of commercial goods for commerce and has annual gross sales of at least $500,000. This requirement applies only to the FLSA, and not the NYLL.

6. Because there are claims made under both the FLSA and NYLL, even if you do not find that Defendants were engaged in commerce or that their gross sales were $500,000 in any particular year, if you find all other factors you must find in Plaintiff's favor under the New York Labor Law.

7. Both Federal and State Law require that Mr. Rosario was paid a minimum hourly rate of pay with overtime for all work performed in excess of 40 hours in any given work week.

8. An employer must pay its employees at least one and one-half times their regular rate for overtime work.  Any agreement between the employee and her employers to work for less than such wage shall be no defense to such action.

9. An employee's regular rate is the basis for calculating any overtime pay due the employee.

10. The regular rate for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, is one and one-half times that rate.

11. If the employee receives a weekly salary, his regular hourly rate of pay is calculated by dividing the salary by the number of hours that the salary was intended to compensate. He is then entitled to time-and-a-half for all hours worked in excess of 40 during the work week.

12. Under the law, an employee cannot waive, release or compromise the right to overtime wages absent approval by a Court or the Department of Labor. An employer is legally obligated to pay overtime regardless of whether an employee demands it and even if an employee agrees to forego payment of overtime. An employer is liable for overtime wages if it knew or should have known that an employee is working overtime.

13. The Fair Labor Standards Act does provide limited exemptions from the overtime pay provisions, and there are some exemptions which exclude certain employees from both the minimum wage and overtime provisions of the Act. The exemptions are narrowly construed

against the employer, and the employer bears the burden of proving that any exemption actually applies. The Defendants in this case do not claim that Mr. Rosario was exempt from the minimum wage and overtime requirements.

14. If, after considering all of the evidence, you find that the Plaintiff has proved by a preponderance of the evidence all of the elements of his claim then your verdict must be for the Plaintiff and you must determine the damages that the Plaintiff is entitled to recover.

<u>Plaintiff's Weekly Work Hours</u>

15. Both Federal and State Law require that an employer keep adequate records of all hours employees worked and their wages.[1] Under the statute it is the employer's responsibility to "make, keep, and preserve" records of employee wages and conditions of employment. 29 U.S.C. § 211(c); *see also* 29 C.F.R. § 516.2.

16. The statute places the recordkeeping burden on the employer because the employer "is in position to know and to produce the most probative facts concerning the nature and amount of work performed."

17. The employee has no duty to keep such records. Thus, if the employee's records are inaccurate or incomplete, it is the employer's burden to refute plaintiff's estimation of damages.

18. Like the FLSA (the Federal law), New York law places the burden on the employer to show the employee was properly compensated. *See* N.Y. Lab. L. § 196–a. Because the employer here failed to keep such records Plaintiff may establish his hours and wages through his testimony.

---

[1] 29 U.S.C. § 211(c); N.Y. Lab. Law § 661.

This burden on the Plaintiff is not high and it is enough for plaintiff to testify as to his hours on the basis of his recollection given an approximation of the hours he worked. The law does not require Plaintiffs to recall exact dates, exact hours, or exact amounts of wages received.[2] You, the jury, may then draw a reasonable conclusion about the total amount of hours Plaintiff worked per week.

19.     If Plaintiff meets this minimal burden, then the burden shifts to the employer to come forward with evidence of the precise amount of work performed or evidence that would demonstrate that the Plaintiff's testimony is unreasonable.

20.     When choosing between an overinclusive estimate by an employee and an underinclusive one by an employer, it is not unreasonable to adopt the employee's estimate, for this places the burden of inadequate record keeping on the employer. *Reich v. S. New England Telecomms. Corp.,* 121 F.3d 58, 66 (2d Cir.1997).

### Plaintiff's Wages

You, the jury, must decide on the method of Plaintiff's pay. In other words, you must determine whether the Defendants paid Plaintiff an hourly rate, a fixed salary, daily rate, shift based rate or on some other basis. The Defendants have the burden of demonstrating that Plaintiff understood the method of pay.[3]

### Minimum Wage

---

[2] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *Amaya v. Superior Tile & Granite Corp.*, 2012 U.S. Dist. LEXIS 5246 (S.D.N.Y. Jan. 17, 2012).
[3] *Amaya v. Superior Tile & Granite Corp.*, 2012 U.S. Dist. LEXIS 5246 (S.D.N.Y. Jan. 17, 2012).

5

Both Federal and State law provide a minimum hourly wage that employees must receive.[4] The Federal law sets a floor, not a ceiling, as to the minimum wage. In other words, employers must comply with the State minimum wage if it is greater than the Federal one.[5] Under Federal Law for any work performed on or after July 24, 2009 the Federal minimum wage was $7.25 per hour. Under State Law, the minimum wage between the period of July 24, 2009 to December 30, 2013 was $7.25 per hour; the minimum wage between the period of December 31, 2013 to December 30, 2014 was $8.00 per hour; the minimum wage between the period of December 31, 2014 to December 30, 2015 was $8.75 per hour; the minimum wage between the period of December 31, 2015 to December 30, 2016 was $9.00 per hour.

You, the jury, must decide whether the Defendants paid the Plaintiff the applicable minimum wage during each period of time

## Overtime

Both Federal and State Law define overtime as all work performed in excess of 40 hours in any given work week.[6] Both laws require that an employee is paid at a rate of at least one and one-half times his regular hourly rate for all overtime hours. If Plaintiff was paid an hourly rate that was less than the prevailing minimum wage, then overtime pay should be computed at a rate of at least one and one-half times the prevailing minimum wage.[7]

## Meal Periods

Under the Fair Labor Standards Act and New York Labor Law, bona fide meal periods are not compensable work time.[8] A bona fide meal period ordinarily lasts 30 minutes or more.

---

[4] 29 U.S.C. § 206; N.Y. Lab. Law § 652.
[5] 29 U.S.C. § 218(a).
[6] 29 U.S.C. § 207; 12 NYCRR § 142-2.2.
[7] *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 310 (E.D.N.Y. 2009).
[8] 29 C.F.R. §785.19

6

In contrast, short periods away from work, commonly known as break periods or rest periods, are compensable work time.[9]  Break periods, or rest periods, may include coffee breaks or time for snacks.

To qualify as bona fide meal periods, the employee must be relieved from duty for the purpose of eating regular meals.[10]  An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer.[11]  What constitutes work for the employer may vary based on the particular facts; "for example, time spent waiting for an event to occur, such as a fire" or a customer to arrive, "may constitute work if an employer hired an employee for that function."[12]

An employee is not denied a bona fide meal period by being restricted to the employer's premises if the employee is otherwise relieved of duties during the meal period.  However, where an employee's "onsite presence is solely for the benefit of the employer and, in their absence, the company would have to pay others to perform those same services" that time is compensable worktime as otherwise the employer would "effectively [be] receiving free labor."[13]

### Spread of Hours

Spread of hours refers to the hours between the start of the work day and the end of the work day.  Employers are required to pay an employee one additional hour's pay at the prevailing minimum wage for every day in which an employee's workday (or spread of hours)

---

[9] 29 C.F.R. §785.18
[10] 29 C.F.R. §785.19
[11] *Reich v. Southern New England Telecommunication Corp.*, 121 F.3d 58, 64 (2d Cir. 1997)
[12] *Id*.
[13] *Id.* at 65.

was greater than 10 hours. You do not subtract any breaks or time not worked during the day when computing the hours.

You, the jury, must determine the days per week where Plaintiff's work day was more than 10 hours.

## Wage Notice

State Law requires employers to provide all employees with a notice setting forth the employee's rate of pay, basis thereof, and whether payment is made by the hour, shift, day, week, salary, piece, commission or other.[14] Commencing 10 days after his employment begins, Plaintiff is entitled to an award of $50 per day, not to exceed $5,000, until such Wage Notice is provided.[15]

You, the jury, must determine whether Defendants provided Plaintiff with the required wage notice.

## Wage Statements

With each payment of wages, State Law requires employers to provide employees with a wage statement setting forth the employee's rate of pay, basis thereof, and net wages paid, including the employee's regular rate of pay, the number of hours worked, and the number of overtime hours worked.[16] Plaintiff is entitled to an award of $250 per day, not to exceed $5,000, for each work day Defendants are in violation of this requirement.[17]

You, the jury, must determine whether Defendants provide Plaintiff with the required wage statements.

## Employer Status

---

[14] N.Y. Lab. Law § 195(1)(a).
[15] N.Y. Lab. Law § 198(1)(1-b).
[16] N.Y. Lab. Law § 195(3).
[17] N.Y. Lab. Law § 198(1)(1-d).

Both Federal and State Laws define the term employer very broadly.[18] An individual will be considered an employer where he has the power to control employees.[19] Be mindful, however, that the power to control does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees. Control may be restricted, or exercised only occasionally.[20] In making your determination as to whether an individual is an employer you are to consider all evidence demonstrating control.[21] Facts that should be considered are (i) the Defendant's ability to hire and fire employees (ii) whether the Defendant supervised and controlled employee work schedules or conditions of employment (iii) whether the Defendant determined the rate and method of employee pay (iv) whether the Defendant maintained employment records; (v) whether the Defendant possesses an ownership interest in the company, and (vi) whether the Defendant controls significant functions of the business.[22] Not all of these facts need to be present to determine that a party is an employer.[23]

Under the FLSA, an officer and owner of a corporation, like defendants Jose Palma, Leonida Collado, and/or Junior Palma, may also be deemed an "employer" when "the individual has overall operational control of the corporation, possesses an ownership interest in it, controls significant functions of the business, or determines the employees' salaries and makes hiring decisions."[24]

Further, under the FLSA, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

---

[18] *Jiao v. Chen*, 2007 U.S. Dist. LEXIS 96480 * 29 (S.D.N.Y. Mar. 30, 2007).
[19] *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999).
[20] *Id.*
[21] *Keun-Jae Moon v. Joon Gab Kwon*, 248 F. Supp. 2d 201, 236 (S.D.N.Y. 2002).
[22] *Id.*; *Lopez v. Silverman*, 14 F. Supp. 2d 405, 412 (S.D.N.Y. 1998).
[23] *Herman*, 172 F.3d at 140.
[24] *Herman v. RSB Security Services, Ltd.*, 172 F.3d 132 (2nd Cir., 1999); Lopez v. Silverman, 14 F.Supp.2d 405, 412 (S.D.N.Y., 1998); *United States Dep't of Labor v. Cole Enters, Inc.*, 62 F.3d 775, 778 (6th Cir., 1995); *Reich v. Circle C Investments, Inc.*, 998 F.2d 324, 329 (5th Cir., 1993); 29 U.S.C.A. §203(d).

Under the FLSA, a single individual may be an employee to two or more employers at the same time.

The definition of "employer" is similarly expansive under New York law, encompassing any "person employing any [employee]." N.Y. Lab. L. § 2(6). *See also* N.Y. Lab. L. § 651(6). The test under New York law when deciding whether someone is an employee or an independent contractor considers "the degree of control exercised by the purported employer over the results produced or the means used to achieve the results."[25] Some factors that may be considered are whether the worker (1) worked at his/her own convenience; (2) was free to engage in other employment; (3) received fringe benefits; (4) was on the employer's payroll; and (5) was on a fixed schedule.[26]

You, the jury, must decide whether each Defendant is an employer.

Damages

If you find that the Plaintiff has proved by a preponderance of the evidence all of the elements of his claim, then your verdict must be for the Plaintiff and you must determine the damages that the Plaintiff is entitled to recover.

The measure of damages is the difference between what the Defendants should have paid Mr. Rosario under the Federal and State law and the amount that you find the Defendants actually paid.

---

[25] *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 923 (S.D.N.Y. 2013).
[26] *Bynog v. Cipriani Group, Inc.*, 1 N.Y.3d 193, 198 (2003).

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for the Plaintiff's damages.

### Willfulness

You are instructed to determine whether any of the Defendants willfully violated the Fair Labor Standards Act and the New York Labor Law by not paying Plaintiff the prevailing minimum wage, proper overtime compensation, and for his spread of hours. To act willfully means that any Defendant either knew that such conduct was prohibited or showed reckless disregard for such laws. [27]

Employers may be found to have acted recklessly under the FLSA if they neither made a diligent review nor consulted with counsel regarding their overtime practices and classifications of employees. An employer may be found to have acted willfully if it is familiar with the FLSA and has knowledge that at least one of its employees is not compensated for overtime pay but makes 'no effort to seek specific legal advice on the issue."

Further, the FLSA and New York State law each require employers to keep records of the hours each employee worked, and an employer may also be found to have willfully violated the FLSA where they have failed to keep proper records of employee's wages and hours in violation of the FLSA's recordkeeping provisions.

Plaintiff need not show malice or bad faith to establish willfulness.

To avoid a finding of willfulness, an employer must show that it acted in subjective good faith and had objectively reasonable grounds for believing that the acts or omissions giving rise to the failure did not violate the FLSA.

---

[27] *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011).

To establish subjective good faith, an employer must produce "plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it". "Good faith" in this context requires more than ignorance of the prevailing law or uncertainty about its development. It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them. This burden is a difficult burden to meet and "double damages are the norm, single damages the exception".

The employer has the burden of proof to show that its failure to comply with the FLSA was in good faith and that it had reasonable grounds for the belief that it was in compliance. Therefore, the defendants must establish that they each or jointly had "an honest intention to ascertain and follow the dictates of the Act" and that they had reasonable grounds for believing that their conduct complied with the Act.[28]

Therefore you will be asked to find whether defendants have met their burden of proof establishing that their failure to pay plaintiff overtime was in good faith and that they had reasonable grounds to believe that they were in compliance with the FLSA.

If you find that the Defendants knew that Mr. Rosario was not being paid as required by the Federal and State Law or if you find that the Defendants recklessly disregarded the obligation to pay Mr. Rosario as required by the Federal and State Law, and you find a lack of good faith as I have defined, then you must find willfulness.

## Liquidated Damages

---

[28] *See Barfield v. New York City Health and Hospitals Corp.,* 537 F.3d 132, 150-151,2008 WL 3255130 (2nd Cir., 2008); *Reich v. Southern New England Telecomm. Corp.,* 121 F.3d 58,71 (2nd Cir., 1997); *see also Kim v. 167 Nail Plaza,* not reported in F.Supp.2d, 2008 WL 2676598, *2-3 (S.D.N.Y., 2008).

In addition to the damages to be calculated as discussed above, both the FLSA and New York Labor Law provide for the possibility of additional liquidated damages.

Under the FLSA

An employer who violates the minimum compensation provisions of the FLSA is liable for both past due wages and, in addition, an equal amount of liquidated damages.[29] "Liquidated damages under the FLSA are considered to be compensatory rather than punitive in nature."[30] They represent the employees' damages "occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA."[31] "Normally, when an employer is found liable for unpaid minimum wages or overtime, the full award of liquidated damages provided for by the statute is mandatory."[32] The Court, however, has the discretion to reduce or deny liquidated damages only if the employer demonstrates that despite the failure to pay appropriate wages, it acted in subjective good faith and had objectively reasonable grounds for believing that the acts or omissions giving rise to the failure did not violate the FLSA.[33] The standard that Defendants must meet to prove their good faith and objectively reasonable grounds for belief was discussed previously.

Therefore you will be asked to find whether defendants have met their burden of proof establishing that their failure to pay plaintiff overtime was in good faith and that they had reasonable grounds to believe that they were in compliance with the FLSA.

Under the New York Labor Law

If defendant's failure to pay plaintiff overtime was willful, plaintiff may recover an

---

[29] 29 U.S.C.A. §216(b).
[30] *Reich v. Southern New England Telecomm. Corp.,* 121 F.3d 58, 71 (2d Cir., 1997).
[31] *Herman v. RSR Sec. Servs.,* 172 F.3d 132, 142 (2nd Cir., 1999) (citations omitted).
[32] *Tlacoapa v. Carregal,* 386 F. Supp. 2d 362, 368 (S.D.N.Y., 2005) (citing 29 U.S.C.A. § 216(b) (liquidated damages "shall" be awarded)).
[33] 29 U.S.C.A. § 216(b); 29 U.S.C.A., §260.

additional amount as liquidated damages equal to twenty-five percent (for the period prior to April 10, 2011) and equal to one hundred percent (for the period from April 10, 2011) of the total of such minimum wage, overtime, and spread-of-hour payments found to be due him.[34]

The standard for finding that defendants acted willfully is the same willfulness standard discussed above concerning the FLSA, namely whether the employer showed reckless disregard for whether its pay practice violated the Labor Law such as neither making diligent review nor consulting upon counsel to get specific legal advice on the issue.[35] Plaintiff need not show malice or bad faith to establish willfulness.[36]

Therefore, you will be asked to find whether defendants willfully failed to pay plaintiff properly pursuant to the New York Labor Law.

## Statute of Limitations

Under the FLSA:

Under the FLSA, a plaintiff may recover for damages incurred for two years before he or she filed the lawsuit which in this case was filed. And, if the plaintiff proves by a preponderance of the evidence that defendants acted willfully, he may recover FLSA damages for the prior year as well. That is the 3 years prior to the date of the filing of the case.

An employer acted willfully if the employer either *knew* that pay practices violated the FLSA, or the employer *showed reckless* disregard for whether its pay practices violated the FLSA. The standard for "willfulness" is defined above.

Because the statute of limitations for an FLSA claim is two years unless the violation is "willful," in which case it is three years, you will be asked to find whether defendants willfully

---

[34] N.Y. Lab. Law §198 (1-a)
[35] *Vasquez v. Ranieri Cheese Corp.,* 2010 WL 1223606 (E.D.N.Y., 2010); *Yu G. Ke v. Saigon Gill, Inc.,* 595 F.Supp.2d 240, 268 (S.D.N.Y., 2008), *Keun-Jae Moon,* 248 F.Supp. 2d 201, 235 (S.D.N.Y., 2002).
[36] *Ayres v. 127 Rest. Corp.,* 12 F.Supp.2d 305, 309 (S.D.N.Y., 1998).

failed to pay plaintiff minimum wage or for overtime.

Under the New York Labor Law:

An employee, who is not paid minimum wage or overtime to which he is entitled under the provisions of the New York Labor Laws may recover the amount of any such under payments incurred during the six (6) years previous to the commencing of this action.

Burden of Proof — Preponderance of the Evidence

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

The party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should put it out of your mind. A preponderance of the evidence is a lesser standard than proof beyond a reasonable doubt. The party with a

burden of proof in this matter need only prove that its contention is more likely to be true than not true.