UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
 MANUEL DE JESUS ROSARIO,

                         Plaintiff,        15-CV-6049 (JSR)

 -against-

 MIS HIJOS DELI CORP., PALMA
 GROCERY CORP., 251 E. 123RD ST.
 REALTY, LLC, JOSE PALMA, LEONIDA
 COLLADO, and JUNIOR PALMA,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


### MEMORANDUM OF LAW IN SUPPORT OF
### PLAINITFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS

Steven B. Ross, Esq.
Eric Dawson, Esq.
ROSS & ASMAR LLC
499 Seventh Avenue
23rd Floor South Tower
New York, NY 10018
(212) 736-4202

1

<u>TABLE OF AUTHORITIES</u>

**Cases**

Allende v. Unitech Design Inc., 783 F. Supp. 2d 509 (S.D.N.Y. 2011)........................................ 6

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008) ............................................................................................................................................ 2, 5

*Cao v. Wu Liang Ye Lexington Restaurant, Inc.*, 2010 WL 4159391 (S.D.N.Y. 2010) ................ 6

*Gagne v. Maher*, 594 F.2d 336 (2d Cir. 1979) ............................................................................. 2

*Grant v. Martinez*, 973 F.2d 96 (2d Cir. 1992)............................................................................. 2

*Guallpa v. N.Y. Pro Signs Inc.*, 2014 WL 2200393 (S.D.N.Y. 2014) ........................................... 7

*Guallpa v. N.Y. Pro Signs Inc.*, 2014 WL 4105948) (S.D.N.Y. 2014)........................................... 7

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998)........................................................ 6

*Murphy v. Lajaunie*, 2018 WL 7968908 (S.D.N.Y. 2018) ........................................................... 5

*Murphy v. Lajaunie*, 2019 WL 642695 (S.D.N.Y. 2019) ............................................................. 5

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)................. 3

*Perdue v. Kenny A.*, 559 U.S. 542 (2010).................................................................................. 2, 5

*Polit v. Global Foods Int'l Corp.*, 2017 WL 1373907 (S.D.N.Y. 2017) ........................................ 5

*Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224 (2d Cir. 2006)................................... 5

**Statutes**

29 U.S.C. § 216........................................................................................................................... 2

N.Y. Lab. Law § 663 .................................................................................................................. 2

N.Y. Lab. Law §§ 198(1-a)......................................................................................................... 2

Plaintiff, through his counsel, respectfully submits this Memorandum of Law in support of his application for attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and N.Y. Lab. Law §§ 198(1-a), 663(1).

The Plaintiff filed this action alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by all defendants.  Plaintiff commenced this action in August 2015.  Plaintiff's counsel pursued the matter diligently serving demands for discovery (demands for documents, demand for interrogatories, etc.)  This matter was delayed as a result of Defendants' ongoing and continued failure to fully respond to Plaintiff's discovery demands, requiring counsel to subpoena defendants' accountant, as well as to independently obtain defendants' documents from the City of New York, such as documents from Housing Preservation and Development. The lack of accurate employment records maintained by Defendants increased the difficulty and necessary time to assess the amounts owed to Plaintiff. This matter also included complex issues of law and fact concerning liability for the various Defendants, particularly concerning Defendants Jose Palma Sr. and 251 E. 123rd St. Realty, LLC.  In addition to having to conduct depositions of the numerous defendants, Plaintiff had to spend significant time in responding to several Defendants' motions for summary judgment.

It should be noted that, even where any Defendant had some success in summary judgment, Plaintiff's relief was not materially altered by such decision, and Plaintiff was ultimately completely successful at trial.  Even in the days leading up to trial in this matter, Plaintiff's counsel was forced to spend time to address Defendants' last minute and baseless application to bring a motion to dismiss pursuant to Fed. R. Civ. Proc. 68.

Plaintiff was represented in this action by Ross & Asmar LLC, and specifically Steven B. Ross (Columbia Law School 1992) and Eric Dawson (Fordham Law School 2011). Work was

also performed by Sarah Khan and Krystina Drasher, both law graduates who had passed the NY

Bar Examination and were awaiting admission at the time work was performed.

**ARGUMENT**

This matter proceeded to trial, resulting in a jury verdict in Plaintiff's favor against all

Defendants on February 14, 2020, finding violations of the FLSA and NYLL.  Judgment was

entered against all Defendants finding them jointly and severally liable up to their respective

amount of responsibility.  By virtue of the preceding, Plaintiff is a prevailing party entitled to

recover attorneys' fees and costs under both the FLSA and NYLL. *See* 29 U.S.C. § 216(b); N.Y.

Lab. Law §§ 198(1-a), 663(1).

I.      **Plaintiff's Application for Fees Is Based upon a Reasonable Number of Hours**
        **Worked and Reasonable Hourly Rates**

In assessing the amount of attorneys' fees to award, the presumptively reasonable fee in

wage and hour cases, previously referred to as the "lodestar" calculation, is reached by

multiplying the reasonable number of hours worked by the biller's reasonable hourly rates.

*Perdue v. Kenny A.*, 559 U.S. 542, 550−53 (2010); *Arbor Hill Concerned Citizens Neighborhood

Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008).

A.  **The Hours Spent on This Matter Are Reasonable**

The hours spent by Ross & Asmar LLC on this matter were appropriate, particularly in

light of the complicated liability issues that were concerned in this trial.  Hours are considered

reasonable where "at the time the work was performed, a reasonable attorney would have

engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).  The

fees that can be sought include the time through preparation of counsel's fee application. *See*

2

*Gagne v. Maher*, 594 F.2d 336, 343−44 (2d Cir. 1979).  Plaintiff seeks an award of fees from the initiation of this action in July 2015 through the submission of this application.

Plaintiff's counsel has attached detailed contemporaneous time records as Exhibit 1 to the Declaration of Steven Ross as required by the Second Circuit. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147−48 (2d Cir. 1983).

The initial stage of this litigation, through the exchange of discovery but prior to depositions, in addition to initial proceedings, meetings with Plaintiff, and exchange of discovery, included numerous conferences with the Court, including settlement conferences before Magistrate Judge Freeman.  This period accounted for 16.07 hours for Mr. Ross and 21.88 hours for Mr. Dawson.

The deposition period, which includes time preparing for (reviewing discovery and meeting with Plaintiff) and conducting the depositions, as well as necessary conferences with the Court regarding depositions, also includes follow-up discovery demands on defendants after their depositions, and necessary subpoenas upon defendants' accountant after deposition testimony made clear Defendants made no effort to obtain responsive documents from their accountant to produce in response to Plaintiff's demands.  This stage accounted for 31.1 hours for Mr. Ross and 12.86 hours for Mr. Dawson.

Subsequent to depositions, Defendants filed three motions for summary judgment cumulatively on behalf of all Defendants except Junior Palma and Mis Hijos Deli Corp. Opposing these motions took substantial time given the complex legal questions and factual bases regarding the connections between the various Defendants.  It also became necessary to request permission of the Court to file supplemental exhibits independently obtained by Plaintiff's counsel that were not produced by Defendants.  After briefing had concluded, the

Court also requested supplemental briefing by the parties on specific issues.  This accounted for 48.97 hours for Mr. Ross and 48.89 hours for Mr. Dawson. Ms. Khan also worked 2 hours.  As noted above, while certain claims were dismissed at summary judgment, the claims dismissed did not materially alter the liability of any Defendant and the ultimate outcome at trial was not impacted.

After the Plaintiff succeeded on summary judgment, Defendants filed a notice of appeal on the decision on summary judgment.  This appeal resulted in another long mediation through the required mediation process at the Second Circuit.  The Second Circuit mediation was an in-person mediation followed up by a telephone mediation conference.  In response to the appeal filed by the defendants, counsel for the Plaintiff researched the basis of the appeal and wrote correspondence to counsel for the Defendants demanding withdraw of the appeal.  Counsel for the Defendants did withdraw the appeal which they had filed with the Second CircuitAfter the Defendants withdrew their appeal, they filed a motion to set aside judgment, which required further response by Plaintiff.  Subsequent to our letter response to their baseless motion, Defendants also withdrew their motion to set aside the summary judgment decision.  This accounted for 16.3 hours for Mr. Ross and 2.28 hours for Mr. Dawson. Ms. Drasher also performed 7 hours.

The pretrial stage involved the preparation of both individually and jointly prepared pretrial submissions, as well as preparing Plaintiff for trial, and preparing the voluminous exhibits to be admitted at trial.  Prior to trial commencing, this matter was transferred to a new judge requiring compliance with different pretrial rules and revision and resubmission of pretrial documents.  The week before trial, counsel also had to conference with Defendants' counsel and the Court, and conduct legal research regarding Defendants' application to bring a baseless

4

motion to dismiss in light of their rejected Rule 68 offer. This time accounted for 20.5 hours for Mr. Ross and 32.06 hours for Mr. Dawson.

The trial in this matter lasted 8 days.  Preparation occurred during lunch breaks, as well as after trial concluded for the day.  As this was a jury trial, it was necessary to review the Court's proposed submissions to the jury and provide comment.  The trial saw several witnesses, including the Plaintiff.  In addition, counsel for the Plaintiff subpoenaed and called as a witness the Defendants' accountant.

All three individual Defendants testified.  All of the individual Defendants' testimony was contradicted by earlier deposition testimony.  Counsel spent significant amount of time becoming familiar with the Defendants' earlier deposition testimony for purposes of impeachment.  Counsel was able to impeach testimony with deposition testimony on numerous occasions.  This impeachment required time-consuming preparation and particular familiarity with the voluminous deposition testimony of all three individual Defendants.  It is respectfully submitted that this preparation and familiarity with the deposition testimony may have been pivotal to the jury's ultimate findings in favor of Plaintiff.  This trial preparation time and trial time accounted for 72.92 hours for Mr. Ross and 70.81 hours for Mr. Dawson. The post-trial work of preparing the proposed Judgment, and motion for attachment and restraining order with subsequent proposed Order took 4.44 hours by Mr. Dawson.

### B. <u>The Hourly Rates Sought Are Reasonable</u>

The hourly rates sought by Plaintiff's counsel in this action are reasonable.  A reasonable fee is "one that is sufficient to induce a capable attorney to undertake the representation of a meritorious" case. *Perdue*, 559 U.S. at 552.  The lodestar looks to "the prevailing market rates in the relevant community." *Id.* at 551.  The Second Circuit considers reasonable rates for a client,

holding that the Court must adopt an hourly rate in consideration of "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany*, 522 F.3d 182, 183−84 (2d Cir. 2008).  It is relevant to look at current market rates, and not historic rates, in assessing what a reasonable rate is. *Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006).

Market rates for attorneys in the Southern District have been assessed in recent cases. *See Murphy v. Lajaunie*, 2018 WL 7968908, at *11 (S.D.N.Y. 2018) (Report and Recommendation adopted by *Murphy v. Lajaunie*, 2019 WL 642695 (S.D.N.Y. 2019)) (approving partner rate of $400 to $450 per hour and associate rates from $250 to $300 per hour); *see also Polit v. Global Foods Int'l Corp.*, 2017 WL 1373907, at *8 (S.D.N.Y. 2017) (approving rate of $300 per hour for associate with four years experience who first billed in the matter as a first year associate); *Allende v. Unitech Design Inc.*, 783 F. Supp. 2d 509, 514−15 (S.D.N.Y. 2011) (approving rates of $450 per hour for partner time and $275 to $300 per hour associate time).

Mr. Ross is a principal and partner for Ross & Asmar LLC and a 1992 graduate of Columbia Law School who commenced his legal career as an associate with Weil, Gotshal & Manges LLP.  Mr. Ross has over 25 years experience as a litigator. Mr. Ross is entitled to a rate of $400 per hour.

Mr. Dawson is currently an eighth year associate with Ross & Asmar LLC, and a 2011 graduate of the Fordham University School of Law.  Mr. Dawson has been an associate with Ross & Asmar since February 2013.  The entire time that Mr. Dawson has been employed as an associate with Ross & Asmar he has worked predominantly in litigation and trial matters, in both the State and Federal Courts.  Mr. Dawson has worked on wage and hour cases for Ross & Asmar since he was a first year associate, and was a second year associate when this matter

6

began.  A review of the time records submitted in this matter show that Mr. Dawson has had substantial responsibility in the handling of this matter since its inception.  A review of the case law cited above shows that an hourly fee of $300 per hour has been approved for associates with less experience than Mr. Dawson.

In sum, Plaintiff respectfully requests attorneys fees and costs in the amount of $154,536.76 (of which $143,937.50 are attorney fees and $10,599.26 are costs).

II.    **The Plaintiff Seeks Compensable Costs**

Plaintiff is seeking an award of costs in the amount of $10,133.48. Plaintiff is entitled to recover "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (citations omitted). Here, Plaintiff's costs included basic litigation costs associated with court filings and service of process, deposition fees, and Spanish language interpreters for depositions of the Defendants and Plaintiff's trial witnesses, trial preparation fees (copies of exhibits required by Court rules), Westlaw fees, transportation to trial only when transferring the exhibits and copies for trial, and the cost to obtain Defendants' HPD documents not produced by Defendants.  *See Cao v. Wu Liang Ye Lexington Restaurant, Inc.*, 2010 WL 4159391, at *8−9 (S.D.N.Y. 2010) (finding reasonable costs in the amount of $6,184.08 for "court filings, transcription services, and interpreter/translator fees"); *Guallpa v. N.Y. Pro Signs Inc.*, 2014 WL 2200393, at *12 (S.D.N.Y. 2014) (Report and Recommendation adopted by *Guallpa v. N.Y. Pro Signs Inc.*, 2014 WL 4105948) (S.D.N.Y. 2014) (approving costs, *inter alia*, for legal research and Westlaw fees).

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Plaintiff respectfully requests that the Court award total fees and costs of $154,536.76 of which $143,937.50 are attorney fees and $10,599.26 are costs to Ross & Asmar LLC.

Dated:  April 3, 2020

_____

Steven B. Ross, Esq.
Ross & Asmar LLC
499 Seventh Avenue
23rd Floor South Tower
New York, NY 10018
(212) 736-4202