```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
MANUEL DE JESUS ROSARIO,              :
                                      :
              Plaintiff,              :
                                      :
         -v-                          :     15-cv-6049 (JSR)
                                      :
MIS HIJOS DELI CORP., PALMA GROCERY   :     MEMORANDUM ORDER
CORP., 251 E. 123RD ST. REALTY, LLC,  :
JOSE PALMA, LEONIDA COLLADO, and      :
JUNIOR PALMA,                         :
                                      :
              Defendants.             :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Familiarity with the background to this case is here assumed. As relevant here, on February 14, 2020, the jury reached a verdict finding defendants Mis Hijos Deli Corp., Palma Grocery Corp., 251 E. 123rd St. Realty, LLC, Jose Palma, Leonida Collado, and Junior Palma liable for failing to pay plaintiff Manuel de Jesus Rosario the required minimum wage and overtime pay and failing to provide him with the required wage notices and statements, in violation of the Fair Labor Standards Act ("FLSA") and the New York State Labor Laws ("NYLL"). See ECF No. 157. Accordingly, on March 2, 2020, the Court entered a judgment against defendants in the amount of $89,670.35. See ECF No. 162.

Now before the Court is plaintiff's motion, pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1-a), 663(1), for attorneys' fees and costs incurred during this litigation, in the amount of $154,536.76. See ECF No. 167; see also Memorandum of Law in

Support of Plaintiff's Application for Attorneys' Fees and Costs, ECF No. 170 ("Pl. Mem."); Reply Memorandum of Law in Support of Plaintiff's Application for Attorneys' Fees and Costs, ECF No. 172 ("Pl. Reply"). Defendants oppose, arguing that the amount sought should be reduced by at least 70%. See Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs, ECF No. 171 ("Defs. Opp."), at 7, 9. For the reasons set forth below, the Court grants plaintiff's motion in full and awards plaintiff attorneys' fees and costs in the amount of $154,536.76.

## Analysis

In assessing the amount of attorneys' fees to award, the presumptively reasonable fees are reached by multiplying the reasonable number of hours worked by the biller's reasonable hourly rates, resulting in the so-called "lodestar." See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008). However, there remain other considerations that may lead a district court to adjust the fee upward or downward. See Hensley v. Eckerhart, 103 S. Ct. 1933, 1940 (1983). Furthermore, district courts have "considerable discretion in determining what constitutes a reasonable award of attorneys' fees." Filo Promotions, Inc. v. Bathtub Gins, Inc.,

311 F. Supp. 3d 645, 650 (S.D.N.Y. 2018)[1]; see also Arbor Hill, 522 F.3d at 186.

Plaintiff is additionally entitled to recover out-of-pocket costs incurred by attorneys and ordinarily charged to clients. See LeBlanc Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998).

## I. Whether the hourly rates for attorneys' fees are reasonable

In setting an hourly rate used to calculate the lodestar, the Court looks into "what a reasonable paying client would be willing to pay." Arbor Hill, 522 F.3d at 184. The lodestar method also looks to "the prevailing market rates in the relevant community." Perdue v. Kenny A., 559 U.S. 542, 551 (2010).

Plaintiff asserts that Steven Ross, a partner at Ross & Asmar LLC and principal attorney on the case, is entitled to a rate of $400 per hour. See Pl. Mem. 6. Plaintiff also argues that Eric Dawson, an eighth-year associate at Ross & Asmar LLC, is entitled to a rate of $300 per hour. See id. at 6-7. Likewise, he argues that each of two law clerks is entitled to a rate of $150 per hour. See ECF No. 168, ¶ 12.

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

The Court is in agreement with plaintiff. The federal district courts in New York have approved hourly rates "for experienced law firm partners in the range of $500 to $800 per hour," "for law firm associates in the range of $200 to $450 per hour," and "for law firm paralegals in amounts of approximately $200 per hour." Genger v. Genger, No. 14-cv-5683 (KBF), 2015 WL 1011718, *2 (S.D.N.Y. Mar. 9, 2015). Also, in Winkelvoss Cap. Fund LLC v. Shrem, the Court found that hourly rates of $580 for a partner, $445 for a senior associate, and $265 for an associate were "clearly within" the bounds of what other courts approve. 360 F. Supp. 3d 251, 257 (S.D.N.Y. 2019). Plaintiff's proposed rates are well within, or below, these ranges.

## II. Whether the number of hours that attorneys billed is reasonable

Attorney Ross declares that he spent 205.86 total hours in litigating this matter, and 5.1 hours in preparing this fee application. See ECF No. 168. Attorney Dawson declares that he spent 193.22 total hours in litigating this matter, and 10.25 hours in preparing this application.[2] See ECF No. 169. Also, the

---

[2] More specifically, attorneys Ross and Dawson spent, respectively: 16.07 and 21.88 hours on participating in initial proceedings, settlement conferences, and exchange of discovery prior to conducting depositions; 31.1 and 12.86 hours on depositions; 48.97 and 48.89 hours on opposing three summary judgment motions; 16.3 and 2.28 hours on mediation and

two clerks spent 2 and 7 hours, respectively, on this matter. See ECF No. 168, ¶ 12.

In response, defendants ask that the hours billed by plaintiff's attorneys be dramatically reduced for a number of reasons, none of which are persuasive.

First, although defendants may be right that the claims and issues raised in this action were relatively straightforward, see Defs. Opp. 6, the Court finds that the number of hours billed was justified, given, among other things, defendants' litigious nature, difficulties plaintiff faced in proving that each of the individual and corporate defendants was an employer under the meaning of the FLSA, and defendants' failure to produce relevant documents and maintain accurate tax and payroll records. See Pl. Mem. 1; Pl. Reply 1-2.

Second, the Court disagrees with defendants' characterization that the billing entries at issue are replete with vague references to "reviewing" and "revising" and do not sufficiently demonstrate the actual work performed. See Defs. Opp. 6. The entries are sufficiently detailed to provide notice

---

requesting withdrawal of defendants' appeal of the summary judgment order and defendants' motion to set aside summary judgment; 20.5 and 32.06 hours on trial preparation; 72.92 and 70.81 hours on trial; and 0 and 4.44 hours on the post-trial motion for attachment. See Pl. Mem. 3-5. Each of these numbers is reasonable.

and information as to what work was done, and plaintiff's counsel consistently specified what exactly was being reviewed or revised, whether it be a deposition transcript, defendants' motion, plaintiff's brief, and the like. See ECF No. 168-1.

Third, contrary to defendants' assertion, see Defs. Opp. 7, billing for administrative tasks – e.g., filing initiating documents, service affidavits, supplemental brief, notices of appearance, joint pre-trial consent, and the like on ECF – is justified.[3]

Finally, defendants argue that the award should be reduced on the ground that attorneys Ross and Dawson billed for various tasks that could have been handled by one attorney, including mediations, in-person conferences, and telephonic conferences, not to mention the trial, which, in defendants' view, was handled almost exclusively by Ross. See Defs. Opp. 7. To the contrary, the Court finds that both attorneys' participation was generally necessary in the course of this litigation. As plaintiff points out, this action involved not insubstantial amount of financial records and deposition transcripts. See Pl. Reply 4-5. Also, the Court observed during trial that the

---

[3] Moreover, billing entries related to these administrative tasks add up to no more than a few hours in total. See ECF No. 168-1.

associate attorney Dawson played an instrumental role (even though attorney Ross took the primary role in speaking) by, inter alia, frequently passing notes and discussing issues with attorney Ross that arose during trial and providing a simultaneous review of defendants' deposition transcripts during cross-examination. Therefore, no reduction is warranted on this basis.

### III. Whether the costs in the amount of $10,133.48 are reasonable

Plaintiff seeks an award of costs, in the amount of $10,133.48, incurred in connection with court filings, service of process, deposition fees, Spanish language interpreters for depositions and trial witnesses, trial preparation fees, Westlaw fees, transportation to trial, and costs to obtain certain documents not produced by defendants. See Pl. Mem. 7.

Defendants' only objection here is with respect to the cost of using Westlaw in the amount of $1,119.46. See Defs. Opp. 8. The Court finds this objection lacks merit, and also finds that the amount of overall costs sought is reasonable. See, e.g., Jin M. Cao v. Wu Lian Ye Lexington Restaurant, Inc., No. 08-cv-3725 (DC), 2010 WL 4159391, at *8-9 (S.D.N.Y. 2010); Guallpa v. NY Pro Signs Inc., No. 11-cv-3133 (LGS) (FM), 2014 WL 2200393, at *12 (S.D.N.Y. 2014), report and recommendation adopted sub

nom. Guallpa v. NY Pro Signs Inc., No. 11-cv-3133 (LGS) (FM), 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014).

**IV.  Whether plaintiff's rejection of defendants' settlement offer on February 5, 2019 should reduce the award under Fed. R. Civ. P. 68**

Under normal circumstances, a prevailing plaintiff is entitled to recover costs, including reasonable attorneys' fees. Fed. R. Civ. P. 68,[4] however, states:

> [A] party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . . . If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68(a), (d); see also Stanczyk v. City of New York, 752 F.3d 273, 280 (2d Cir. 2014).

Defendants assert that, on February 5, 2019, they made an offer of judgment purportedly pursuant to Fed. R. Civ. P. 68 in the amount of $108,000, but that plaintiff declined the offer. See Defs. Opp. 8. At trial, the jury awarded plaintiff a total of $89,670.35. Therefore, defendants argue that the fees and costs incurred after February 5, 2019 should not be awarded,

---

[4]  Fed. R. Civ. P. 68 is "a cost-shifting rule designed to encourage settlements without the burdens of additional litigation." Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 229 (2d Cir. 2006).

8

because the offer of judgment rejected by plaintiff one year ago was almost $20,000 more than the jury's award. See id. at 8-9.

The Court, however, finds that no reduction is warranted based on Fed. R. Civ. P. 68, because defendants' offer was not more favorable than the judgment granted by the jury. The offer made on February 5, 2019 was inclusive of attorneys' fees and costs incurred up to that point. See also Steiner v. Lewmar, Inc., 816 F.3d 26, 36 (2d Cir. 2016) ("[A] valid Rule 68 offer always includes costs, whether or not specified, because Rule 68 authorizes such an offer only with costs then accrued."); Mango v. Democracy Now! Prods., Inc., No. 18-cv-10588 (DLC), 2019 WL 3325842, at *3 (S.D.N.Y. July 24, 2019) ("A Rule 68 offer includes any monetary relief to which a party may be entitled at the point the offer is made, including attorney's fees if a prevailing party may recover them."). Given that a significant portion of the aforementioned attorneys' fees and costs had already been incurred by February 5, 2019, which was past the summary judgment stage, the judgment that plaintiff won at trial, which is not inclusive of attorneys' fees and costs, is superior to the settlement offer made on February 5, 2019.[5]

---

[5] In addition, defendants, on February 5, 2019, offered to pay $108,000 over three years, which is not the same as a lump payment of $108,000 upfront. Moreover, defendants' offer was

**Conclusion**

For the foregoing reasons, the Court awards plaintiff Rosario the sum of $154,536.76 for attorneys' fees and costs, for which defendants are jointly and severally liable.[6]

The Clerk of the Court is directed to close the entry bearing the docket number 167 and close the case.

SO ORDERED.

Dated:   New York, NY

        May 22, 2020　　　　　　　　　　 JED S. RAKOFF, U.S.D.J.

---

unsecured, whereas the judgment plaintiff won at trial was subsequently secured by an attachment on real property. See ECF No. 163, 166.

[6]   This award is in addition to the judgment that the Court, following the jury verdict, entered on March 2, 2020 for plaintiff in the amount of $89,670.35, for which defendants are jointly and severally liable up to their respective liability as set forth therein. See ECF No. 162.