UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANUEL DE JESUS ROSARIO, | : |
| Plaintiff, | : CIVIL ACTION NO. 15-CV-6049 |
| -against- | : |
| MIS HIJOS DELI CORP., PALMA GROCERY CORP., 251 E. 123RD ST. REALTY, LLC, JOSE PALMA, LEONIDA COLLADO, and JUNIOR PALMA, | : |
| Defendants. | : |

**DECLARATION OF STEVEN B. ROSS
IN OPPOSITION TO MOTION TO WITHDRAW**

STEVEN B. ROSS, ESQ. an attorney duly licensed to practice before the Courts of the State of New York, and this Court, states under the penalties of perjury:

1. I am a partner with Ross & Asmar LLC, attorneys of record for Plaintiff, Manuel de Jesus Rosario, in the above-captioned action, and as such am fully familiar with the facts and circumstances set forth herein.

2. I submit this Declaration in opposition to the application of defendants' counsel to be relieved in this matter.

3. As an initial matter, I note that while counsel's stated reason for seeking to be relieved is non-payment by defendants, the application did not include any communications between counsel and their clients regarding payment, and did not include any invoices or time statements reflecting any amounts due.

4. While counsel, in their motion, assert that their representation ended after the decision awarding attorney's fees was entered, Mr. Rodriguez did take part in a conference call as

1

counsel for defendants on Plaintiff's request for entry of judgment for attorney's fees. At no time during that call did counsel state he no longer represented defendants.

5. Further, Plaintiff will be prejudiced by counsel's withdrawal from this case.

6. Plaintiff has filed a motion for contempt in this matter against three of the defendants [Document No. 182] for a transfer of the real property located at 251 E. 123rd Street, New York, NY 10035 in violation of an order of this court.

7. As part of that motion, Plaintiff has also sought permission to seek discovery of communications between defendants and counsel to ascertain counsel's knowledge of and involvement in the fraudulent transfer alleged.

8. Plaintiff objects to counsel being removed from this case until that motion is decided and, if granted, discovery of those communications is completed.

9. Plaintiff would also be unduly prejudiced in his collection efforts on his judgments.

10. As alleged in Plaintiff's motion for sanctions, certain defendants have engaged in fraudulent conduct (i.e. fraudulent transfer) to avoid making payment.

11. Upon information and belief, Jose Palma Sr. is in the Dominican Republic and serving him or providing notice to him if he is suddenly without counsel in this matter would force Plaintiff to incur even further costs and expenses in trying to enforce his rights, particularly in light of defendants' alleged improper conduct.

12. Even the Court would be unable to notify him.

13. If the Court is inclined to grant the motion to withdraw, it should not be granted with respect to any individual defendant unless and until they have retained substitute counsel, or have provided the Court and Plaintiff with e-mail and physical address information at which they agree to accept service of all papers.

14. Otherwise, this is just another means by which the defendants are seeking to avoid the consequences of the judgment and their alleged fraudulent conduct and make themselves beyond the reach of the Court by making it difficult or impossible for Plaintiff or the Court to contact them, provide them notice, or serve them with papers in connection with this matter.

15. For the above-stated reasons, Plaintiff opposes counsel's motion to be relieved as counsel for the defendants at this time.

16. It is Plaintiff's position that counsel has failed to establish the basis of their entitlement to be relieved, and that even if they had sufficiently set forth such a basis, that the motion should still be denied due to the prejudice that Plaintiff would suffer if the motion were granted at this time.

**WHEREFORE**, Plaintiff respectfully requests the Court deny counsel's motion in its entirety, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 17, 2020

Respectfully submitted,

By: Steven B. Ross, Esq. (SR 5059)
steven@rossasmar.com
Ross & Asmar LLC
499 Seventh Avenue
23rd Floor South Tower
New York, NY 10018
(212) 736-4202