```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
MANUEL DE JESUS ROSARIO,             :
                                     :
                Plaintiff,           :
                                     :
        -v-                          :    15-cv-6049 (JSR)
                                     :
MIS HIJOS DELI CORP., PALMA GROCERY  :    MEMORANDUM ORDER
CORP., 251 E. 123RD ST. REALTY, LLC, :
JOSE PALMA, LEONIDA COLLADO, and     :
JUNIOR PALMA,                        :
                                     :
                Defendants.          :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

On March 3, 2020, following a jury trial, the Court entered judgment in favor of plaintiff Manuel de Jesus Rosario and against defendants Mis Hijos Deli Corp. (the "Deli"), 251 E. 123rd St. Realty, LLC (the "Realty"), Leonida Collado, Jose Palma ("Palma Senior"), and Jose Palma Jr. ("Palma Junior"). Dkt. Nos. 157 & 162. Now before the Court are plaintiff's motions to compel and for contempt against defendants[1] concerning their allegedly inadequate responses to plaintiff's information subpoenas served in connection with plaintiff's attempts to collect on the judgment. For the reasons set forth below, the motion for contempt is denied without prejudice and the motion to compel is granted in part and denied in part.

---

[1] This motion concerns only defendants the Deli, the Realty, Palma Senior, and Palma Junior.

## BACKGROUND

Familiarity with the general background to this case is here assumed. See Memorandum Order dated December 10, 2021, Dkt. No. 204. As relevant here, on January 7, 2021, plaintiff's counsel served information subpoenas on the Deli, the Realty, Palma Senior, and Palma Junior pursuant to New York C.P.L.R. § 5224. See Declaration of Steven B. Ross in Support of Motion for Contempt ("Ross Decl."), Dkt. No. 206, ¶ 3. On January 19, 2021, plaintiff received a single document entitled "Defendants' Responses to Plaintiff's Subpoena Requests." Id. ¶ 8. That document, which was unsworn, pertained to questions posed in the information subpoena served on Palma Junior. Id. After advising defense counsel of these deficiencies, plaintiff's counsel received the next day a "revised response" that included a so-called "certification," signed by Palma Junior. Dkt. No. 206-7. Plaintiff's counsel informed defense counsel that it objected to the response on the ground that Palma Junior apparently certified his response in his capacity as the beneficiary of The Jose Palma Irrevocable Trust (the "Trust"), rather than in his personal capacity. Dkt. No. 206-8. Plaintiff's counsel also took issue with the substance of several of Palma Junior's responses and noted that they had yet to receive responses to the information subpoenas served on the other three defendants. Id.

On January 25, 2021, plaintiff's counsel, having received no response, was granted leave to file the instant motion. Three days later, plaintiff's counsel received the three remaining responses, all of which were purportedly certified by Palma Junior. Ross Decl. ¶ 14. Plaintiff's counsel also received an updated, and this time uncertified, response from Palma Junior. Id. In light of these alleged deficiencies, plaintiff now requests an order finding the defendants in contempt and directing them to properly respond to the information subpoenas. Dkt. No. 205.

## LEGAL FRAMEWORK

Under Federal Rule of Civil Procedure 69, a party that obtains a money judgment in a federal district court may enforce that judgment in accordance with the procedure of the state in which the court is located. See Fed. R. Civ. P. 69(a)(1). Pursuant to New York law, a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena." N.Y. C.P.L.R. § 5223.

Under New York law, "[i]f the recipient does not comply, the judgment creditor cannot immediately move for contempt . . . ; instead, as it is a nonjudicial subpoena, the enforcement of an information subpoena is governed by N.Y. C.P.L.R § 2308(b), which provides for a motion to 'compel compliance.'" Soundkillers LLC v. Young Money Entm't, LLC, No. 14-cv-7980 (KBF) (DF), 2016 WL

3

4990257, at *3 (S.D.N.Y. Aug. 2, 2016), adopted, 2016 WL 4926198 (S.D.N.Y. Sept. 15, 2016). Only "[f]ailure to comply with the compelled compliance [can] give rise to contempt." Id. Although "federal standards govern the determination of contempt" in federal court, id., district courts in this Circuit, too, "have often held that . . . a court should first issue an order compelling compliance with the subpoena" before finding a defendant in contempt. Kerr v. Thomas, No. 14-cv-9168 (KBF) (HBP), 2017 WL 485041, at *4 (S.D.N.Y. Feb. 3, 2017), adopted sub nom. Kerr v. John Thomas Fin., 2017 WL 1609224 (S.D.N.Y. May 1, 2017).

## DISCUSSION

### I. Allegedly Improper Certifications

Under New York C.P.L.R. § 5224, the judgment debtor must provide a response within seven days after receipt of the information subpoena. If the judgment debtor is an individual, the response must be "in writing under oath by the person upon whom served." Where the judgment debtor is a "a corporation, partnership or sole proprietorship," the response must be certified by "an officer, director, agent or employee having the information." Id.

Plaintiff objects that Palma Junior certified the responses not only on behalf of himself but also on behalf of Palma Senior, the Deli, and the Realty. See Dkt. No. 206-7 (Palma Junior certifying his own response); Dkt. No. 206-9 (Palma Junior

4

certifying the responses for Palma Senior, the Deli, and the Realty). His certifications for the Deli and the Realty do not set forth that he is "an officer, director, agent or employee having the information," but instead state that he is the beneficiary of the Trust, which is "the entity responsible for managing" the Realty and the Deli. See, e.g., Dkt. No. 206-9. Defendants respond that Palma Senior "authorized" him to certify his responses because Palma Senior resides in the Dominican Republic. See Declaration of Jose Palma Junior ("Palma Junior Decl."), Dkt. No. 211, ¶ 13. As for the Deli and the Realty, defendants contend that, according to Palma Junior's declaration, Palma Junior has the "requisite knowledge and authority from [his] father to respond on behalf of the Realty and the Deli." Id. ¶ 12.

The Court finds that Palma Junior's certification on behalf of Palma Senior is inadequate and orders Palma Senior to certify his own response. Section 5224 requires that Palma Senior certify his response under oath. It does not permit him to authorize someone else to swear on his behalf. The Court finds, by contrast, that Palma Junior's certifications on behalf of the Deli and the Realty are adequate. Although the certification itself refers to Palma Junior's status as a beneficiary of the trust that manages the entities, Palma Junior's declaration makes clear that he has the requisite information to respond on behalf of those entities.

Little purpose would be served by requiring Palma Junior to submit a revised certification setting forth the information that is already contained in his sworn declaration. Finally, since the Court has not yet issued an order compelling compliance in this manner, the Court will not hold Palma Senior in contempt for failing to certify his own response.

## II. Allegedly Inadequate Responses

Plaintiff also objects to numerous alleged inconsistencies, omissions, and ambiguities in the responses. Insisting that these mistakes are evidence that defendants are seeking to "thwart" plaintiff's effort to collect on the judgment, plaintiff asks the Court to hold defendants in contempt and to order them to properly respond to the information subpoenas. Again, since the Court has not yet issued an order compelling compliance with the information subpoenas, plaintiff's request for sanctions is denied. As for the motion to compel, the Court addresses plaintiff's objections to the responses in turn.

First, Palma Junior represented in response to Question Four that, within the past five years, he had an interest in the building located at 251 E. 123rd Street, New York, NY 10035 (the "Building"), but stated in response to Question 10 that he does not have an ownership interest in any entity. See Dkt. No. 206-10. Defendants explain, however, that Palma Junior temporarily had

an interest in the Building when it was briefly transferred from the Realty to the Trust in 2020. See Palma Junior Decl. ¶ 16.[2] The Court finds that Palma Junior's response is adequate and will not compel Palma Junior to clarify or amend it.

Second, Palma Junior and Palma Senior appear to provide inconsistent answers -- despite the fact that Palma Junior certified Palma Senior's responses. The information subpoenas asked them to identify "each beneficiary of the Trust by name, full residence address, and relationship." See, e.g., Dkt. No. 206-10. Two individuals who are identified by Palma Junior as living at an unknown address in the Dominican Republic are identified by Palma Senior as living at 251 E 123rd Street, New York, NY 10035. Compare id. with Dkt. No. 206-11. Defendants explain that those two individuals "reside permanently in the Dominican Republic, while concomitantly maintaining an address in New York." See Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Contempt ("Def. Mem."), Dkt. No. 209, at 8-

---

[2] This transfer was the subject of a prior contempt motion, see Dkt. No. 204, along with an independent fraudulent conveyance action now pending before this Court, see Rosario v. 251 E. 123rd St. Realty, LLC et al., 20-cv-7387.

9.[3] The Court once again finds these responses adequate and will not compel Palma Junior or Palma Senior to clarify or amend them.

Third, the defendants have apparently failed to clearly identify "all property owned by the Trust, its date of acquisition by the Trust, and any consideration paid by the Trust for its acquisition," as required by the information subpoenas See Dkt. No. 206-10. Instead, according to plaintiff, defendants discuss the transfers of the Building from Realty to the Trust and back. Ross Decl. ¶ 17. In defendants' opposition papers, they explain that since the Building was transferred back from the Trust to the Realty, "the Trust does not have any assets." Def. Mem. at 9-10. The responses to the information subpoenas, however, do not clearly state one way or the other whether the Trust has any remaining assets. The Court accordingly finds those responses to be non-responsive and orders defendants amend their responses to clearly state whether the Trust has any assets.

Fourth, in response to Question 33, Palma Junior alleges that he has not taken any action under authority of power of attorney.

---

[3]  Defendants also explain, in language that is no model of clarity, as follows: "The response information provided was subject to the matrices provided within the framework of questions in Plaintiff's grid-like Information Subpoenas. While Plaintiff objections to inconsistency, the fault of a potentially ambiguous response finds its genesis in Plaintiff's ambiguous methodology." Def. Mem. at 9.

Plaintiff points out, however, that Palma Junior executed documents related to the initial transfer of the Building as "attorney in fact" of Maria Vallejos. Defendants respond that Palma Junior disclosed both the initial transfer and the revocation transfer in his response to Question 32 and that "there were no <u>further</u> actions taken by Palma Junior on behalf of Maria Vallejos in his capacity under the authority of Power of Attorney." Def. Mem. at 10 (emphasis added). The Court finds Palma Junior's response to be incomplete and orders him to clearly identify in his response to Question 33 of the information subpoena whether he took <u>any</u> actions under authority of Power of Attorney, including executing documents related to the initial transfer of the Building as "attorney in fact" of Maria Vallejos.

Fifth, in response to Question One, defendants disclosed the existence of only two bank accounts, but deposition testimony taken in connection with the related case has revealed the existence of at least two other bank accounts. <u>See</u> Supplemental Declaration of Steven B. Ross in Support of Motion for Contempt, Dkt. No. 216, ¶ 23. Defendants maintain this was an "inadvertent omission" -- the result of the "limited time that the Defendants had to prepare the documents pertaining to Defendants' bank accounts for the last five years to date" -- and that it was immediately addressed upon being brought to their attention. <u>See</u> Declaration of Eleni Melekou

9

in Opposition to Supplemental Declaration for Motion to Contempt, Dkt. No. 217, ¶¶ 3-5. Defendants have since provided the missing bank accounts. Accordingly, the Court denies as moot plaintiff's request to compel production of the bank accounts.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for contempt is denied without prejudice and plaintiff's motion to compel proper responses to the information subpoenas is granted in part and denied in part. Defendants must submit renewed responses, in accordance with this memorandum order, by April 25, 2021. The Clerk of the Court is directed to close the entry bearing the docket number 205.

SO ORDERED.

Dated: New York, NY
April 13, 2021

_____
JED S. RAKOFF, U.S.D.J.